ELARB, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:07-cv-01389-NS
### Internal Use Only

0 7 - 4 2 9

| | |
|---|---|
| MARINO v. CROSS COUNTRY BANK et al | Date Filed: 04/05/2007 |
| Assigned to: HONORABLE NORMA L. SHAPIRO | Jury Demand: None |
| Cause: 28:1441 Petition for Removal- Personal Injury | Nature of Suit: 360 P.I.: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**KENNETH J. MARINO**             represented by **KEVIN WILLIAM GIBSON**
GIBSON & PERKINS, P.C.
SUITE 105
200 EAST STATE STREET
MEDIA, PA 19063
610.565.1708
Email: kevingibson@gibperk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CROSS COUNTRY BANK**             represented by **GUY A. DONATELLI**
LAMB & MCERLANE, P.C.
24 EAST MARKET ST.
P.O. BOX 565
WEST CHESTER, PA 19381-0565
610-430-8000
Fax: 610-692-6210
Email: gdonatelli@chescolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 7/2/2007

**Defendant**

**APPLIED CARD SYSTEMS, INC.**             represented by **GUY A. DONATELLI**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2007 | 1 | NOTICE OF REMOVAL by CROSS COUNTRY BANK, APPLIED CARD SYSTEMS, INC. from Delaware CCP, case number 06-16898. (Filing fee $ 350 receipt number 938262-63), Certificate of Service.(tj, ) Additional attachment(s) added on 4/6/2007 (tj, ). (Entered: 04/06/2007) |
| 04/05/2007 | | (Court only) Standard Case Management Track (tj, ) (Entered: 04/06/2007) |
| 04/05/2007 | | Case Eligible for Arbitration(tj, ) (Entered: 04/06/2007) |
| 04/12/2007 | 2 | ORDER THAT A HEARING ON A RULE TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR FAILURE TO MEET THE JURISDICTIONAL AMOUNT IN CONTROVERSEY SHALL BE HELD ON 4/23/2007 10:00 AM BEFORE HONORABLE NORMA L. SHAPIRO.. SIGNED BY JUDGE NORMA L. SHAPIRO ON 4/11/07. 4/12/07 ENTERED AND COPIES E-MAILED.(mas, ) (Entered: 04/12/2007) |
| 04/20/2007 | 3 | STIPULATION by KENNETH J. MARINO, CROSS COUNTRY BANK, APPLIED CARD SYSTEMS, INC.. (DONATELLI, GUY) (FILED IN ERROR BY ATTORNEY; COPY FORWARDED TO JUDGE FOR APPROVAL) Modified on 4/23/2007 (np). (Entered: 04/20/2007) |
| 04/20/2007 | 4 | STIPULATION by KENNETH J. MARINO, CROSS COUNTRY BANK, APPLIED CARD SYSTEMS, INC..(DOCKETED IN ERROR BY ATTORNEY; FORWARDED TO JUDGE FOR APPROVAL) (DONATELLI, GUY) Modified on 4/23/2007 (le, ). (Entered: 04/20/2007) |
| 04/20/2007 | 5 | *Defendants* ANSWER to Complaint by CROSS COUNTRY BANK, APPLIED CARD SYSTEMS, INC..(DONATELLI, GUY) (Entered: 04/20/2007) |
| 04/20/2007 | 6 | Minute Entry for proceedings held before Judge NORMA L. SHAPIRO : Status Conference via phone held on 4/20/2007. (nda) (Entered: 04/23/2007) |
| 04/23/2007 | 7 | STIPULATION THAT THE DAMAGES CLAIMED BY PLAINTIFF IN THE INSTANT CASE ARE IN EXCESS OF $75,000, EXCLUSIVE OF INTERESTS AND COSTS. (nda) Additional attachment(s) added on 7/2/2007 (nda, ). (Entered: 04/23/2007) |
| 04/24/2007 | 8 | ORDER THAT THE HEARING ON A RULE TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR FAILURE TO MEET THE JURISDICTIONAL AMOUNT IN |

| | | CONTROVERSY, PREVIOUSLY NOTICED FOR 4/23/2007 SHALL BE CONTINUED TO 6/25/2007 10:00 AM BEFORE HONORABLE NORMA L. SHAPIRO, ETC. SIGNED BY JUDGE NORMA L. SHAPIRO ON 4/20/2007. 4/24/2007 ENTERED AND COPIES E-MAILED.(nda) (Entered: 04/24/2007) |
|---|---|---|
| 05/04/2007 | ❾9 | Disclosure Statement Form pursuant to FRCP 7.1 by CROSS COUNTRY BANK.(DONATELLI, GUY) (Entered: 05/04/2007) |
| 05/04/2007 | ❿10 | Disclosure Statement Form pursuant to FRCP 7.1 by APPLIED CARD SYSTEMS, INC..(DONATELLI, GUY) (Entered: 05/04/2007) |
| 05/11/2007 | ❿11 | Original Record together with certified copy of docket entries received from Court of Common Pleas of Delaware County. (jmp, ) (Entered: 05/11/2007) |
| 06/01/2007 | ❿12 | First MOTION to Amend/Correct *Complaint* filed by KENNETH J. MARINO.Certificate of Service. (Attachments: # 1 Exhibit Exhibit A# 2 Text of Proposed Order Proposed Order Granting Amendment)(GIBSON, KEVIN) (Entered: 06/01/2007) |
| 06/06/2007 | ❿13 | ORDER THAT IN ADDITION TO A HEARING ON A RULE TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED ON 6/25/2007 AT 10:00 A.M., THE COURT WILL ALSO HEAR ARGUMENT ON WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE DISTRCIT OF DELAWARE UNDER THE STIPULATION OF DISMISSAL; ARGUMENT ON PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT WILL ALSO BE HEARD, ETC. SIGNED BY JUDGE NORMA L. SHAPIRO ON 6/6/2007. 6/7/2007 ENTERED AND COPIES E-MAILED.(nda) (Entered: 06/07/2007) |
| 06/06/2007 | ❾ | MOTION HEARING SCHEDULED FOR 6/25/2007 AT 10:00 AM BEFORE HONORABLE NORMA L. SHAPIRO. (nda) (Entered: 06/07/2007) |
| 06/06/2007 | ❾ | (Court only) ***Deadlines terminated. (nda) (Entered: 06/11/2007) |
| 06/15/2007 | ❿14 | PRETRIAL Scheduling/Status Conference Report by KENNETH J. MARINO. (GIBSON, KEVIN) Modified on 6/20/2007 (fh) (Entered: 06/15/2007) |
| 06/19/2007 | ❿15 | RESPONSE in Opposition re 12 First MOTION to Amend/Correct *Complaint* filed by CROSS COUNTRY BANK, APPLIED CARD SYSTEMS, INC., Certificate of Service. (DONATELLI, GUY) Modified on 6/20/2007 (nd). (Entered: 06/19/2007) |
| 06/21/2007 | ❿16 | MOTION to Compel *Answers to First Set of Document Requests and* |

|            |      | *First Set of Interrogatories Addressed to Plaintiff* filed by CROSS COUNTRY BANK, APPLIED CARD SYSTEMS, INC..Memoradum of Law and Certificate of Service. (Attachments: # 1 Exhibit Exhibit A)(DONATELLI, GUY) (Entered: 06/21/2007) |
| ---------- | ---- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
| 06/27/2007 | ◑17 | Minute Entry for proceedings held before Judge NORMA L. SHAPIRO : Motion Hearing held on 6/25/2007. Court Reporter: Mark Rafferty. Proceeding: Statement by the Court re: purpose of proceedings; Statements by counsel, etc. (nda) (Entered: 06/27/2007) |
| 06/27/2007 | ◑18 | ORDER THAT DEFENDANTS' MOTION TO COMPEL ANSWERS TO FIRST SET OF DOCUMENT REQUESTS AND FIRST SET OF INTERROGATORIES IS GRANTED IN PART AND DENIED IN PART. PLAINTIFF SHALL ANSWER DEFENDANTS' INTERROGATORIES NUMBER 1 AND NUMBER 2 ON OR BEFORE 6/29/2007. SIGNED BY JUDGE NORMA L. SHAPIRO ON 6/25/2007.6/27/2007 ENTERED AND COPIES E-MAILED.(nda) (Entered: 06/27/2007) |
| 06/29/2007 | ◑19 | MEMORANDUM AND ORDER THAT THE RULE TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR FAILURE TO MEET THE AMOUNT IN CONTROVERSY REQUIREMENT IS DISCHARGED; AND, THIS ACTION IS TRANSFERRED FORTHWITH TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, ETC. SIGNED BY JUDGE NORMA L. SHAPIRO ON 6/29/2007. 7/2/2007 ENTERED AND COPIES E-MAILED.(nda) (Entered: 07/02/2007) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| KENNETH J. MARINO,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :<br>: **CIVIL ACTION** |
| CROSS COUNTRY BANK and | :<br>: **NO. 07-** |
| APPLIED CARD SYSTEMS, INC., | :<br>: |
| 　　　　Defendants. | :<br>: |

**<u>NOTICE OF REMOVAL</u>**

**To the Judges of the United States District Court for the Eastern District of Pennsylvania:**

This Notice of Removal on behalf of defendants, CROSS COUNTRY BANK and APPLIED CARD SYSTEMS, INC., respectfully alleges the following:

1.　On or about December 1, 2006, plaintiff commenced an action in the Court of Common Pleas of Delaware County captioned *Kenneth J. Marino v. Cross Country Bank and Applied Card Systems, Inc.*, Docket No. 06-16898, alleging a claim against the defendants for personal injuries arising from an alleged wrongful use of civil proceedings also know as a Dragonetti claim. allegedly occurring on or about January 5, 2004.  A copy of plaintiff's Complaint filed on or about December 1, 2006, is attached hereto as Exhibit "A."

2.　It is defendants' position that plaintiff's initial attempts at service were ineffective. On April 5, 2007, counsel for defendants executed and filed an Acceptance of Service, a copy of which is attached hereto as Exhibit "B."

3.　This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

1

4.    At all times relevant, Cross Country Bank is a Delaware corporation with its principal place of business located in Wilmington, Delaware.

5.    At all times relevant, Applied Card Systems, Inc., is a Delaware Corporation with its principal place of business located in Wilmington, Delaware.

6.    Plaintiff Kenneth J. Marino is a resident of the State of North Carolina, residing at 1005 Baltusrol Lane, Waxhaw, North Carolina, 28173. (Exhibit A, ¶ 1).

7.    While state law and rules of procedure do not require an amount of monetary relief to be set forth in a Complaint, plaintiff prayed for relief in an amount in excess of $75,000 (Exhibit A).  The amount in controversy in this action is no doubt significant, as the case involves an alleged wrongful use of process and alleges that Defendants acted "wantonly and grossly" thereby justifying the award of punitive damages.  Exhibit A ¶ 21.

8.    Plaintiff also claims that Defendants initiated the alleged improper action "for the improper purpose of preventing Plaintiff from testifying to certain Attorneys General" (Exhibit A ¶ 18).

9.    Therefore, the amount in controversy is in excess of $75,000.00.

10.   In light of the foregoing, the federal jurisdiction has been established pursuant to 28 U.S.C. § 1332, satisfying both diversity and amount in controversy requirements.

11.   Written notice of the filing of the within Notice of Removal has been served by defendants' counsel, and a copy of this Notice of Removal has been forwarded by mail to the Court of Common Pleas of Delaware County.

**WHEREFORE,** defendants, CROSS COUNTRY BANK and APPLIED CARD SYSTEMS, INC., pray that the matter be removed from the Court of Common Pleas of Delaware County to this Honorable Court.

Dated:  April 4, 2007                                        Respectfully submitted,

**LAMB McERLANE PC**

By: _____
        Guy A. Donatelli, Esquire
        Validation No.:  GAD2504
        Attorney I.D. No. 44205
        24 E. Market Street – P.O. Box 565
        West Chester, PA  19381-0565
        (610) 430-8000

        Attorneys for Defendants Cross Country
        Bank and Applied Card Systems, Inc.

# C E R T I F I C A T E   O F   S E R V I C E

This is to certify that in this case complete copies of all papers contained in the foregoing Notice of Removal have been served upon the following persons, by the following means and on the date(s) stated:

| Name: | Means of Service: | Date of Service: |
|---|---|---|
| Kevin W. Gibson, Esquire<br>Gibson & Perkins, P.C.<br>Suite 105<br>200 East State Street<br>Media, PA 19063 | First Class Mail | April 5, 2007 |

**LAMB McERLANE PC**

By: _____

Guy A. Donatelli, Esquire
Validation No.:  GAD2504
Attorney I.D. No. 44205
24 E. Market Street – P.O. Box 565
West Chester, PA  19381-0565
(610) 430-8000

Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CROSS COUNTY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

## <u>ORDER</u>

     **AND NOW**, this 11th day of April, 2007, it is ordered that a hearing on a rule to show cause why this action should not be remanded for failure to meet the jurisdictional amount in controversy shall be held on <u>**April 23, 2007**</u> at <u>**10:00 a.m.**</u>.

 

<u>/s/ Norma L. Shapiro</u>
Norma L. Shapiro, S.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| KENNETH J. MARINO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| CROSS COUNTRY BANK and | : | **NO. 07-1389** |
| | : | |
| APPLIED CARD SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**STIPULATION**

The parties to this matter, by and through their undersigned counsel hereby stipulate and agree, for the purposes of the proceeding scheduled on April 23, 2007, upon the Court's Rule to Show Cause, that the damages claimed by Plaintiff in the instant case are in excess of $75,000, exclusive of interests and costs.

GIBSON & PERKINS, P.C.                    LAMB McERLANE PC

By: _____            By: _____
     Kevin W. Gibson, Esquire                  Guy A. Donatelli, Esquire
     Attorney I.D. No. 31729                   Validation No.:  GAD2504
     Suite 105                                 Attorney I.D. No. 44205
     200 East State Street                     24 E. Market Street – P.O. Box 565
     Media, PA 19063                           West Chester, PA  19381-0565
     (610) 565-1708                            (610) 430-8000
     For Plaintiff                             For Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KENNETH J. MARINO,                          :
        Plaintiff,                         :
                             :
        v.                                    :    **CIVIL ACTION**
                             :
CROSS COUNTRY BANK and                      :    **NO. 07-1389**
                             :
APPLIED CARD SYSTEMS, INC.,                  :
                             :
        Defendants.                          :

**STIPULATION**

       The parties to this matter, by and through their undersigned counsel hereby stipulate and

agree, for the purposes of the proceeding scheduled on April 23, 2007, upon the Court's Rule to

Show Cause, that the damages claimed by Plaintiff in the instant case are in excess of $75,000,

exclusive of interests and costs.

GIBSON & PERKINS, P.C.                      LAMB McERLANE PC

By: _____              By: _____
    Kevin W. Gibson, Esquire                    Guy A. Donatelli, Esquire
    Attorney I.D. No. 31729                     Validation No.: GAD2504
    Suite 105                                   Attorney I.D. No. 44205
    200 East State Street                       24 E. Market Street – P.O. Box 565
    Media, PA 19063                             West Chester, PA  19381-0565
    (610) 565-1708                              (610) 430-8000
    For Plaintiff                               For Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. MARINO,
      Plaintiff,

        v.

CROSS COUNTRY BANK and

APPLIED CARD SYSTEMS, INC.,

      Defendants.

      **CIVIL ACTION**

      **NO. 07-1389**

## <u>ANSWER OF CROSS COUNTRY BANK AND APPLIED CARD SYSTEMS, INC.</u>

### First Affirmative Defense

Defendants, Cross Country Bank and Applied Card Systems, Inc. files this answer with affirmative defenses and more specifically respond as follows:

1.   Admitted on information and belief.

2.   Denied. This defendant is now Applied Bank.

3.   Denied.

4.   Admitted on information and belief.

5.   Admitted.

6.   Admitted.

7.   Denied.

8.   Admitted in part. Denied in part. Plaintiff submitted an affidavit. The remainder of the allegations are denied.

9.   Admitted.

1

10.   Admitted in part.  Denied as stated in part.  The wrongful termination claim was settled.  The remaining allegations refer to a document the content of which speaks for itself and Defendants deny plaintiff's attempts to paraphrase it.

11.   Admitted.

12.   Admitted.

13.   Denied as stated.  The Court's Order entering judgment was dated August 25, 2005, and speaks for itself.

14.   Denied as stated.  The allegations contained in this paragraph refer to a document the content of which speaks for itself and defendants deny plaintiff's attempts to paraphrase it.

15.   Denied as stated.  The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required.

16.   Denied as stated.  The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.

21.   Denied.

### Second Affirmative Defense

22.   Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

### Third Affirmative Defense

23.   Defendants procuring, initiation and continuation of the action was done in good faith.

### Fourth Affirmative Defense

24.   Defendants procuring, initiation and continuation of the action was done with probable cause as defined in 42 Pa.C.S.A. section 8352.

2

### Fifth Affirmative Defense

25.  Defendants have not acted with improper motive.

### Sixth Affirmative Defense

26.  Defendants procured, initiated and continued the action to vindicate an existing right.

### Seventh Affirmative Defense

27.  Defendants procured, initiated and continued the action for the purpose of adjudicating the claim on which the pleadings were based.

### Eighth Affirmative Defense

28.  Defendants did not act with malice nor did they have a malicious motive.

### Ninth Affirmative Defense

29.  The injuries alleged in the complaint were not directly or proximately caused by any act, omission or conduct of Defendants.

### Tenth Affirmative Defense

30.  In pursuing the action, Defendants relied upon an opinion of a court of the State of Minnesota.

3

WHEREFORE, Defendants, Cross Country Bank and Applied Card Systems, Inc., respectfully request that judgment be entered in their favor and against Plaintiff and that Plaintiff's complaint be dismissed.

Dated:  April 20, 2007

Respectfully submitted,

**LAMB McERLANE PC**

By: _____
      William H. Lamb, Esquire
      Guy A. Donatelli, Esquire
      Validation No.:  GAD2504
      Attorney I.D. No. 44205
      24 E. Market Street – P.O. Box 565
      West Chester, PA  19381-0565
      (610) 430-8000

Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.

4

# CERTIFICATE OF SERVICE

This is to certify that in this case complete copies of all papers contained in the foregoing Answer have been served upon the following persons, by the following means and on the date(s) stated:

| Name: | Means of Service: | Date of Service: |
|-------|-------------------|------------------|
| Kevin W. Gibson, Esquire<br>Gibson & Perkins, P.C.<br>Suite 105<br>200 East State Street<br>Media, PA 19063 | First Class Mail | April 20, 2007 |

**LAMB McERLANE PC**

By: _____

Guy A. Donatelli, Esquire
Validation No.:  GAD2504
Attorney I.D. No. 44205
24 E. Market Street – P.O. Box 565
West Chester, PA  19381-0565
(610) 430-8000

Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.

5



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



KENNETH J. MARINO,
    Plaintiff,

    v.

CROSS COUNTRY BANK and

APPLIED CARD SYSTEMS, INC.,

    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION**

**NO. 07-1389**

**FILED**

APR 23 2007

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## STIPULATION

    The parties to this matter, by and through their undersigned counsel hereby stipulate and agree, for the purposes of the proceeding scheduled on April 23, 2007, upon the Court's Rule to Show Cause, that the damages claimed by Plaintiff in the instant case are in excess of $75,000, exclusive of interests and costs.

GIBSON & PERKINS, P.C.

By: _____
    Kevin W. Gibson, Esquire
    Attorney I.D. No. 31729
    Suite 105
    200 East State Street
    Media, PA 19063
    (610) 565-1708
    For Plaintiff

LAMB McERLANE PC

By: _____
    Guy A. Donatelli, Esquire
    Validation No.: GAD2504
    Attorney I.D. No. 44205
    24 E. Market Street – P.O. Box 565
    West Chester, PA 19381-0565
    (610) 430-8000
    For Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CROSS COUNTY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

<u>**ORDER**</u>

   **AND NOW**, this 20th day of April, 2007, it is ordered that the hearing on a rule to show cause why this action should not be remanded for failure to meet the jurisdictional amount in controversy, previously noticed for April 23, 2007, shall be continued to <u>**June 25, 2007**</u> at <u>**10:00 a.m.**</u> to allow for discovery on the amount in controversy.  If the rule to show cause is discharged, a Fed.R.Civ.P. 16 pretrial conference will also be held that date.

   The attached form[1] is to be completed and returned to Chambers **one week** prior to the **conference.  Counsel are expected to comply with Fed.R.Civ.P. 16 and 26, as amended December 1, 2000, the Code of Civility adopted by the Pennsylvania Supreme Court on December 6, 2000, and the Working Rules of Professionalism, adopted by the Philadelphia Bar Association on June 28, 1990.**

           /s/ Norma L. Shapiro
           Norma L. Shapiro, S.J.

---

  [1] This form, together with the other items attached to this Order, is also available from our website: www.paed.uscourts.gov.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

KENNETH MARINO

               :    Civil Action No: 07-cv-01389NS

          V.           :

CROSS COUNTRY BANK        :
APPLIED CARD SYSTEMS, INC.    :

## DISCLOSURE STATEMENT FORM

Please check one box:

☒    The nongovernmental corporate party, Cross Country Bank
in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

☐    The nongovernmental corporate party, _____,
in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

<u>5/4/07</u>
   Date                            Signature
                                     Guy. A. Donatelli

         Counsel for:   Cross Country Bank

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

    (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

    (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:

             (1)     file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

             (2)     promptly file a supplemental statement upon any change in the information that the statement requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

## Effective January 1, 2007

!     Each complaint is reviewed at the time of filing for compliance with the requirements of Fed R. Civ. P. 7.1 (**effective December 1, 2002**).

      For each Disclosure Statement Form that is filed by a non-governmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% or more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

      For each complaint that is filed without the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notice is forwarded to the courtroom deputy clerk of the assigned judge.

!     **Documents filed subsequent to the complaint are reviewed for compliance with Fed R. Civ. P. 7.1.** The above-referenced notice is sent to any attorney not in compliance with the requirements of Fed R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

!     In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

KENNETH MARINO

                         :      Civil Action No:  07-cv-01389NS

                V.                :

CROSS COUNTRY BANK
APPLIED CARD SYSTEMS, INC.

## DISCLOSURE STATEMENT FORM

Please check one box:

[X]            The nongovernmental corporate party,  _Applied Card Systems, Inc_ ,
in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

[ ]            The nongovernmental corporate party, _____ ,
in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

 

<u>  5/4/07           </u>
         Date                                 Signature: 

                                                      Guy A. Donatelli
                     Counsel for:  Applied Card Systems, Inc.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
     (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
                        (1)     file the Rule 7.1(a) statement with its first
                                     appearance, pleading, petition, motion, response, or
                                     other request addressed to the court, and
                        (2)     promptly file a supplemental statement upon any
                                     change in the information that the statement requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

## Effective January 1, 2007

!     Each complaint is reviewed at the time of filing for compliance with the requirements of Fed R. Civ. P. 7.1 (**effective December 1, 2002**).

      For each Disclosure Statement Form that is filed by a non-governmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% or more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

      For each complaint that is filed without the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notice is forwarded to the courtroom deputy clerk of the assigned judge.

!     **Documents filed subsequent to the complaint are reviewed for compliance with Fed. Riv. P. 7.1.** The above-referenced notice is sent to any attorney not in compliance with the requirements of Fed R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

!     In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. MARINO                          :
                                           :
    V                                      :
                                           :    No. 07-1389
CROSS COUNTRY BANK and                     :
APPLIED CARD SYSTEMS                       :

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff requests permission to amend his original complaint, which was filed on December 1, 2006 in the Delaware County Court of Common Please and then removed by Defendants to this Honorable Court on April 4, 2007. The proposed amended complaint adds a second count and joins one additional defendant who, in concert with the initially named defendants, engaged in acts of disparagement against Plaintiff in violation of a contractual undertaking by all parties to mutually refrain acts of disparagement. Plaintiff believes, and therefore avers that the new cause of action is not time barred by any applicable statute of limitations and that joinder of the additional defendant does not defeat the existence of diversity jurisdiction. The proposed Amended Complaint is attached hereto using Microsoft's "change tracking" edits for ease in seeing the exact amendments that Plaintiff proposes to make to the original complaint. No other amendments have been requested and no scheduling order has been issued in the case. A proposed form of Order is attached.

    Respectfully Submitted,


**GIBSON & PERKINS P.C.**



BY: KEVIN WILLIAM GIBSON
Suite 105
200 East State Street
Media PA 19063
610.565.1708
kevingibson@gibperk.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2007, I served a true and correct copy of

Plaintiff's Motion to Amend his Complaint upon the following by Electronic Mail only:

Guy A. Donatelli, Esquire
gdonatelli@chescolaw.com

KEVIN WILLIAM GIBSON, ESQUIRE

EXHIBIT **A** TO PLAINTIFF MARINO'S MOTION TO AMEND
HIS COMPLAINT

EXHIBIT **A** TO PLAINTIFF MARINO'S MOTION TO AMEND
HIS COMPLAINT

EXHIBIT **A** TO PLAINTIFF MARINO'S MOTION TO AMEND
HIS COMPLAINT

EXHIBIT **A** TO PLAINTIFF MARINO'S MOTION TO AMEND
HIS COMPLAINT

EXHIBIT **A** TO PLAINTIFF MARINO'S MOTION TO AMEND
HIS COMPLAINT

EXHIBIT **A** TO PLAINTIFF MARINO'S MOTION TO AMEND
HIS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>



KENNETH J. MARINO                    :
~~1005 Baltusrol Lane~~              :
~~Waxhaw, NC 28173~~                 :

     V                          :          No. 07-1389

CROSS COUNTRY BANK                   :
50 Applied Card Way                  :
Glen Mills PA 19342                  :
                                     :
                                     : JURY TRIAL DEMANDED
    And                        :
                                     :
APPLIED CARD SYSTEMS, INC.           :
50 Applied Card Way                  :
Glen Mills, PA 19342                 :
                                     :
    And                        :
                                     :
<u>Rocco Abessinio</u>               :
<u>50 Applied Card Way</u>           :
<u>Glen Mills, PA 19342</u>          :
                                     :

Deleted: 101 Beverly Square

Deleted: Kennett Square

Deleted: PA

Deleted: 19348

Deleted: .

<u>AMENDED</u> COMPLAINT

1.   Plaintiff is Kenneth J. Marino is a resident and citizen of <u>North Carolina</u>, residing

at the address first above written.

Deleted: the Commonwealth of Pennsylvania

2.   Defendant Cross Country Bank <u>[CCB]</u> is a Delaware banking corporation, with a

place of business at 800 Delaware Avenue, Wilmington, Delaware.

3.   Defendant Applied Card Systems, Inc. <u>[ACS]</u>is a Delaware banking corporation,

offices located at 50 Applied Card Way, Glen Mills, Pennsylvania. <u>Upon information and</u>

belief Defendant Abessinio is the President and/or CEO of Defendants CCB and/or ACS and can be served with judicial process at the offices of CCB and/or ACS.[1]

4.    Plaintiff is an attorney licensed to practice law in the Commonwealth of Pennsylvania.

5.    Plaintiff was employed by Defendants as their general counsel. From October 1, 200o until February 14, 2001.

6.    Plaintiff and Defendants entered into an employment contract on or about September 11, 2000.

7.    Plaintiff was terminated without cause by defendants for his efforts to change Defendants predatory lending practices.

8.    On or about September 4, 2003, plaintiff submitted an affidavit to the Attorney General of the State of New York in response to a duly executed subpoena issued in accordance with a then on-going criminal investigation into Defendants lending practices.

9.    On or about January 5, 2004, plaintiff brought an action for wrongful termination against Defendants in the United States District Court for the District Court of Delaware.

10.    Plaintiff and Defendant agreed to settle plaintiff's wrongful termination claim and plaintiff was released from all obligations of his employment contract with Defendants.

11.    On April 26, 2004, Defendants instituted a civil action against plaintiff in the Court of Commons Pleas of Chester County, Pennsylvania.[hereinafter sometimes called the "Chesco Complaint" said Complaint being attached hereto as Exhibit "A" and incorporated herein by reference]

---

[1] Mr. Abessinio also has homes in Delaware and Florida and Plaintiff is therefore unsure of Abessinio/s domicile/residency. However given Plaintiff's residence in North Carolina there is diversity jurisdiction as between Plaintiff and Mr. Abessinio regardless of whether he resides in Delaware, Florida or Pennsylvania.

12.    Defendants asserted three claims against plaintiff for breach of contract, breach of fiduciary duty and injunctive relief.

13.    On August 24, 2005, the Court of Common Pleas of Chester County dismissed all three claims made by Defendants against plaintiff.

14.    In dismissing defendants complaint, Judge Cody of the Court of Common Pleas of Chester County issued a bench opinion dated August 24, 2004 wherein she made the following findings of fact:

(a). Plaintiff was released from his obligations under his employment contract with Defendants and therefore was not liable for breach of contract;

(b). Plaintiff did not breach his fiduciary duty to plaintiffs or any Delaware Rule of Professional Conduct in his giving an affidavit to the Attorney General of the State of New York; and

(c). Defendants were not entitled to an injunction to restrain plaintiff from responding to the requests for information from law enforcement officials regarding Defendants predatory lending practices. [The Bench Opinion is attached as Exhibit "B" hereto which was followed by an Order of the same date which is the last page of Exhibit "B"]

## COUNT ONE

## Plaintiff v CCB and ACS

15.    An action for wrongful use of proceedings, known also as Pennsylvania's Dragonetti Act, is described in pertinent part by statute as follows:

§ 8351.   Wrongful use of civil proceedings

(a) Elements of action.--A person who takes part in the procurement, initiation or

continuation of civil proceedings against another is subject to liability to the other for
wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a
purpose other than that of securing proper discovery, joinder of parties or adjudication
of the claim which the proceedings are based;  and

(2) The proceedings have terminated in favor of the person against whom they are
brought.

16.    In the case at bar Defendants procured, initiated and continued a civil proceeding
against Plaintiff herein.

17.    In the case at bar Defendants procuring, initiating and continuing the action
against Plaintiff herein Defendants acted grossly and without probable cause in that
Defendants adduced no facts of record that demonstrated that the action was initiated
with probable cause where they knew that plaintiff had been released from his duties
under the employment contract, and were aware that plaintiff was merely complying with
a subpoena of the Attorney of New York pursuant to an on-going criminal investigation.

18.    Upon, information and belief, Defendants procured, initiated and continued the
action against Plaintiff herein Defendants without probable cause for the improper
purpose of preventing Plaintiff from testifying to certain Attorneys General regarding
Defendants predatory lending practices.

19.    As a direct and proximate cause of the Defendants filing an improper civil action
Plaintiff has been damaged by agreeing to pay instant counsel a sum in excess of $80,000
in the nature of attorneys fees incurred in defending against the action filed in Chester

County and then defending against the improvident appeals taken in that action all the

way to the Pennsylvania Supreme Court.

**Deleted:** having to pay attorneys fees to defend himself

20.    As a direct and proximate cause of the Defendants filing an improper civil action

Plaintiff has been damaged by suffering harm to his reputation.

21.    The defendants have acted so wantonly and grossly especially with due regard to

trying to use a civil action to prevent Plaintiff's testimony, that Plaintiff is entitled to an

award of punitive damages to deter such reprehensible conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and

severally, for an amount in excess of $75,000, exclusive of costs and interest together

with an award of pre and post judgment interest and such other relief deemed appropriate

by court or jury.

## COUNT TWO

**Formatted:** Centered

### Plaintiff v CCB ACS and Rocco Abessinio

**Formatted:** Bullets and Numbering

22.    Plaintiff repeats and re-alleges paragraphs 1 through 21 above as if the same were

set forth at length herein.

23.    The termination of Plaintiff's employment as described above caused Plaintiff to

file a wrongful employment termination case against these same defendants said case

having been filed in the United States District Court for the State of Delaware said case

being filed on January 25, 2002.

24.    The parties hereto entered into a settlement agreement of the wrongful

termination case said settlement agreement being dated May 21, 2003. [The Settlement

Agreement is attached hereto as Exhibit "C" and the Agreement is incorporated herein by

reference]

25.   In paragraph 11 of the parties' settlement agreement the defendants undertook the explicit duty and obligation to refrain from disparaging Plaintiff in any fashion.

26.   Paragraph 11 of the settlement agreement states in pertinent part: "Defendants and those acting at defendants' direction, shall not disparage, either by written or spoken word, Kenneth J. Marino, via any medium whatsoever, including but not limited to, email and communications over the internet, either in their own names or under assumed names, identities or aliases. A violation of this paragraph shall be considered a breach of this Agreement entitling the violating party to equitable relief and attorneys' fees and expenses as more fully set forth in paragraph 15 below. Additionally, violation of this paragraph shall constitute breach of this Agreement requiring the violating party to disgorge any and all benefits received under this Agreement, including but not limited to the Settlement Sum if applicable.

27.   Paragraph 15 of the Settlement Agreement requires the violating party to pay all the fees and expenses of counsel for the party who is the victim of any violation of the Agreement.

28.   Defendants CCB, ACS and Mr. Abessinio are parties and signatories to the subject matter Settlement Agreement.

29.   At all times relevant, the lawsuit filed against Plaintiff as alleged above was filed at the behest and/or direction of Defendant Abessinio and at a point in time after the parties entered into the Settlement Agreement containing the Non Disparagement Clause described above.

30.    In paragraph 9 of the Complaint Defendants filed in the Chester County Court of Common Pleas ["Chesco Complaint" Exhibit "A" hereto] the Defendants contended that Plaintiff was a "disruptive" individual.

31.    In paragraph 21 through 29 of Chesco Complaint Defendants accused Plaintiff of being an unethical lawyer.

32.    As stated above Judge Cody in a Bench Opinion found that Plaintiff acted ethically at all times in discharging his duties as prior counsel for CCB and/or ACS.

33.    On page 9 of Judge Cody's Bench Opinion which is attached hereto she made a finding that the predatory lending practices of CCB and/or ACS was an ongoing "fraud".

34.    Defendants appealed Judge Cody's ruling to the Pennsylvania Superior Court and to the Pennsylvania State Supreme Court without success and thus Judge Cody's ruling is the "law of the case".

35.    In addition to disparaging Plaintiff in the particulars of the Chesco Complaint, on February 27, 2004 Defendant Abessinio provided an Affidavit in connection with legal proceedings taking place in West Virginia wherein Abessinio accused Plaintiff of extorting funds from CCB. [See Exhibit "D" hereto which is incorporated herein by reference]

36.    In paragraph 5 of said Affidavit which Plaintiff never saw or heard of until June 17, 2004, which is incorporated herein by reference, Abessinio made the following statement about Plaintiff "In my entire business experience I have never encountered anyone who manifested the level of anger, hostility and total disregard for ethical standards shown by Mr. Marino following his termination".

37.    In paragraph 9 of the Affidavit Abessinio claims that Plaintiff "was in breach of his fundamental duties as a lawyer" because Mr. Marino communicated with the New York Attorney Generals Office pursuant to a validly issued subpoena.

38.    The Defendants are without any privilege to make the disparaging comments they made in both the Chesco Complaint and the Abessinio Affidavit.

39.    Case law provides that the litigation privilege is inapplicable to shield parties who make disparaging remarks when those same parties have contractually undertaken a duty to refrain from making disparaging remarks. See Generally Eichelkraut v Camp 513 SE2d 267 (Ga. App 1999).

40.    The legal fees and expenses incurred by instant counsel for Plaintiff in defending against the Chesco Complaint up through and including the briefing and oral arguments necessitated by the Defendants improvident appeal of Judge Cody's ruling stand in excess of $80,000 and are recoverable as damages under the Dragonetti laws as well as provided for in paragraphs 11 and 15 of the subject matter Settlement Agreement.

41.    In addition to disparaging Plaintiff as set forth above, the Defendants CCB/ACS are presently engaged in a campaign to thwart Plaintiff's application to be admitted as a member of the bar of and for the State of North Carolina by suggesting Plaintiff lacks the required fitness and integrity to become a member of that Bar.

42.    Plaintiff has incurred additional attorneys fees in defending against CCB/ACS improper attempts to thwart Plaintiff's admission to the North Carolina Bar.

        WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for an amount in excess of $75,000, exclusive of costs and interest together

with an award of pre and post judgment interest and such other relief deemed appropriate

by court or jury.

Respectfully submitted,
GIBSON & PERKINS P.C.

_____
BY: KEVIN WILLIAM GIBSON

Gibson & Perkins PC

200 East State Street

Media PA 19063

610.565.1708

kevingibson@gibperk.com

**Deleted:** WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for an amount in excess of $75,000 together with an award of pre and post judgment interest and such other relief deemed appropriate by court or jury.¶
¶
R

**Formatted:** Line spacing:  single

**Deleted:** <u>VERIFICATION</u>¶
¶
  I, Kenneth J. Marino, Plaintiff, herein, verify that he has personal knowledge of this matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.¶
  I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.¶
. ¶
¶
¶
¶
  _____¶
  _____¶
  _____ Kenneth J. Marino¶
¶
¶

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

## CIVIL COVER SHEET AND ENTRY OF APPEARANCE

## DELAWARE COUNTY COURT OF COMMON PLEAS

Court Term and No.

06-16898

1. Case Caption:

**Kenneth J. Marino**

v.

**Cross Country Bank and
Applied Card Systems, Inc.**

___X___ Jury
_____ Non-Jury
_____ Arbitration
($0-$50,000)

2a. Plaintiff(s)
    *(name and address)*

**Kenneth J. Marino
101 Beverly Square
Kennett Square, PA 19348**

2b. Defendant(s)
    *(name and address)*

**Cross Country Bank
50 Applied Card Way
Glen Mills, PA 19342**

**Applied Card Systems, Inc.
50 Applied Card Way
Glen Mills, PA 19342**

3a. Related Cases? _____ Yes __X__ No
    *If yes, show Caption and Case Numbers*

3b. Case subject to Coordination Order? ___ Yes __X__ No
    *If yes, show Caption and Date of Order*

4. Entry of Appearance

    To the Office of Judicial Support:
       Kindly enter my appearance on behalf of   **Kenneth J. Marino,** plaintiff in this action.  Papers may be
    served at the address set forth below.

_Kevin William Gibson, Esquire_

Attorney for party named above *(please print)*

Address:   **GIBSON & PERKINS, P.C.**
            Suite 105, 200 East State Street
            Media, PA 19063

_____31729_____
Attorney I.D. Number

Telephone:(610)_565.1708_
Fax:(610)_565-4358_

E-Mail:   _kevingibson@gibperk.com_

_____December 1, 2006_____
                Date

Attorney Signature

*REVERSE Side Must Be Completed*


*Choose only the one description which best reflects the principal type of case or relief sought from the list.*

**Case Description**

| | |
|---|---|
| **APPEAL** | **Intentional Tort** |
| |    Assault and Battery _____ |
| **Minor Court** |    Libel and Slander |
|    Money Judgment |    Defamation _____ |
|    Landlord and Tenant _____ | **Employment/Wrongful Discharge** |
|    Code Enforcement _____ |    False Imprisonment |
|    Personal Injury _____ |    Fraud _____ |
|    Breach of Contract _____ |    Malicious Prosecution |
|    Other_____ _____ | **Negligence** |
| |    Motor Vehicle _____ |
| **Local Agency** |    Real Property _____ |
|    Civil Service _____ |    Premises Liability _____ |
|    Motor Vehicle _____ |    Product Liability _____ |
|    Licenses and Inspections _____ |    Toxic Tort _____ |
|    Liquor Control Board |      Asbestos _____ |
|    Tax Assessment Boards _____ |      DES _____ |
|    Zoning Board _____ |      Implant _____ |
|    Other_____ _____ |    Toxic Waste _____ |
| |    Other_____ _____ |
| **Proceedings Commenced by Petition** | **Professional Malpractice** |
| Appointment of Arbitrators _____ |    Dental _____ |
| Change of Name _____ |    Legal _____ |
| Compel Medical Examination _____ |    Medical _____ |
| Election Matters _____ |    Other_____ _____ |
| Eminent Domain _____ | **Declaratory Judgment** _____ |
| Leave to Issue Subpoena _____ | **Ground Rent** _____ |
| Mental Health Proceedings _____ | **Mandamus** _____ |
| Other_____ _____ | **Real Property** |
| |    Ejectment _____ |
| **CIVIL ACTIONS COMMENCED BY** |    Quiet Title _____ |
| **WRIT OF SUMMONS OR COMPLAINT** |    Mortgage Foreclosure _____ |
| Abuse of Process _____ |    Mechanics Lien _____ |
| Action for Wrongful Death _____ |    Partition _____ |
| Class Action _____ |    Prevent Waste _____ |
| Confession of Judgment/Money _____ | **Replevin** _____ |
| Confession of Judgment/Real Property _____ | **Saving Action Um/Uim** _____ |
| Contract | **Quo Warranto** _____ |
|    Construction _____ | **Other**_____ _____ |
|    Insurance/Bad Faith _____ | |
|    Negotiable Instruments _____ | |
|    Other **Dragonetti – Wrongful Use** | |
|      **Of Civil Proceeding** **X** | |

IN THE DELAWARE COUNTY COURT OF COMMON PLEAS
OF AND FOR THE STATE OF PENNSYLVANIA

KENNETH J. MARINO                              :
101 Beverly Square                             :
Kennett Square, PA 19348                       :
        v.                                     :
CROSS COUNTRY BANK                             : NO.
50 Applied Card Way                            :
Glen Mills PA 19342                            :
                                               : JURY TRIAL DEMANDED
        And                                    :
APPLIED CARD SYSTEMS, INC.                     :
50 Applied Card Way                            :
Glen Mills, PA 19342                           :

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
DELAWARE COUNTY BAR ASSOCIATION
FRONT AND LEMON STREETS
MEDIA, PA  19063
(610) 566-6625

**GIBSON & PERKINS P.C.**
BY: KEVIN WILLIAM GIBSON, ESQUIRE
I.D. NO.: 31729
200 East State Street
Suite 105
Media, PA   19063
610.565.1708
610.565.4358 [fax]
kevingibson@gibperk.com                          **Attorney for Plaintiff**

IN THE DELAWARE  COUNTY COURT OF COMMON PLEAS
OF AND FOR THE STATE OF PENNSYLVANIA

KENNETH J. MARINO                         :
1005 Baltusrol Lane                       :
Waxhaw, North Carolina 28173              :
                                          :
        V                                 :
                                          :     No.
CROSS COUNTRY BANK                        :
50 Applied Card Way                       :
Glen Mills PA 19342                       :
                                          :
                                          : JURY TRIAL DEMANDED
                                          :
        And                               :
                                          :
APPLIED CARD SYSTEMS, INC.                :
50 Applied Card Way                       :
Glen Mills, PA 19342                      :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :

COMPLAINT

1.    Plaintiff is Kenneth J. Marino is a resident and citizen of the State of North

Carolina, residing at the address first above written.

2.    Defendant Cross Country Bank is a Delaware banking corporation, with a place

of business at 800 Delaware Avenue, Wilmington, Delaware.

3.    Defendant Applied Card Systems, Inc. is a Delaware banking corporation, offices located at 50 Applied Card Way, Glen Mills, Pennsylvania.

4.    Plaintiff is an attorney licensed to practice law in the Commonwealth of Pennsylvania.

5.    Plaintiff was employed by Defendants as their general counsel. From October 1, 200o until February.14, 2001.

6.    Plaintiff and Defendants entered into an employment contract on or about September 11, 2000.

7.    Plaintiff was terminated without cause by defendants for his efforts to change Defendants predatory lending practices,

8.    On or about September 4, 2003, plaintiff submitted an affidavit to the Attorney General of the State of New York in response to a duly executed subpoena issued in accordance with a then on-going criminal investigation into Defendants lending practices.

9.    On or about January 5, 2004, plaintiff brought an action for wrongful termination against Defendants in the United States District Court for the District Court of Delaware.

10.    Plaintiff and Defendant agreed to settle plaintiff's wrongful termination claim and plaintiff was released from all obligations of his employment contract with Defendants.

11.    On April 26, 2004, Defendants instituted a civil action against plaintiff in the Court of Commons Pleas of Chester County, Pennsylvania.

12.    Defendants asserted three claims against plaintiff for breach of contract, breach of fiduciary duty and injunctive relief.

13.    On August 24, 2005, the Court of Common Pleas of Chester County dismissed all three claims made by Defendants against plaintiff.

14.    In dismissing defendants complaint, the Court of Common Pleas made the following findings of fact:

(a). Plaintiff was released from his obligations under his employment contract with Defendants and therefore was not liable for breach of contract;

(b). Plaintiff did not breach his fiduciary duty to plaintiffs or any Delaware Rule of Professional Conduct in his giving an affidavit to the Attorney General of the State of New York; and

(c). Defendants were not entitled to an injunction to restrain plaintiff from responding to the requests for information from law enforcement officials regarding Defendants predatory lending practices.

15.    An action for wrongful use of proceedings, known also as Pennsylvania's Dragonetti Act, is described in pertinent part by statute as follows:

§ 8351. Wrongful use of civil proceedings

(a) Elements of action.--A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim which the proceedings are based;  and

(2) The proceedings have terminated in favor of the person against whom they are brought.

16.    In the case at bar Defendants procured, initiated and continued a civil proceeding against Plaintiff herein.

17.    In the case at bar Defendants procuring, initiating and continuing the action against Plaintiff herein Defendants acted grossly and without probable cause in that Defendants adduced no facts of record that demonstrated that the action was initiated with probable cause where they knew that plaintiff had been released from his duties

under the employment contract, and were aware that plaintiff was merely complying with a subpoena of the Attorney of New York pursuant to an on-going criminal investigation.

18.  Upon, information and belief, Defendants procured, initiated and continued the action against Plaintiff herein Defendants without probable cause for the improper purpose of preventing Plaintiff from testifying to certain Attorneys General regarding Defendants predatory lending practices.

19.  As a direct and proximate cause of the Defendants filing an improper civil action Plaintiff has been damaged by having to pay attorneys fees to defend himself.

20.  As a direct and proximate cause of the Defendants filing an improper civil action Plaintiff has been damaged by suffering harm to his reputation.

21.  The defendants have acted so wantonly and grossly especially with due regard to trying to use a civil action to prevent Plaintiff's testimony, that Plaintiff is entitled to an award of punitive damages to deter such reprehensible conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for an amount in excess of $75,000 together with an award of pre and post judgment interest and such other relief deemed appropriate by court or jury.

Respectfully submitted,
GIBSON & PERKINS P.C.

BY: KEVIN WILLIAM GIBSON

## VERIFICATION

I, Kenneth J. Marino, Plaintiff, herein, verify that he has personal knowledge of this matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Kenneth J. Marino

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

<pre>
 1              IN THE COURT OF COMMON PLEAS

 2               FOR THE COUNTY OF CHESTER

 3                     -  -  -  -  -
    CROSS COUNTRY BANK and        )
 4  APPLIED CARD SYSTEMS, INC.,)
                                  )
 5              Plaintiffs        )
                                  )
 6         VS.                    )      No. 04-032303
                                  )
 7  KENNETH J. MARINO,           )
                                  )
 8              Defendant         )
                              -  -  -  -  -
 9                        Courtroom No. 10
                          Chester County Courthouse
10                        West Chester, Pa.   19380
                          August 24, 2005
11                        11:55 a.m.

12

13  BEFORE:     THE HONORABLE JACQUELINE C. CODY

14

15

16  APPEARANCES:

17
                LAW OFFICES OF JOSEPH A. CAPRARA
18              BY: JOSEPH A. CAPRARA, ESQUIRE
                Attorney for the Plaintiffs
19
                GIBSON & PERKINS, P.C.
20              BY: KEVIN WILLIAM GIBSON, ESQUIRE
                Attorney for the Defendant
21

22

23
                          Frances A. White
24                        Official Court Reporter
</pre>

<pre>
1                P R O C E E D I N G S
2         THE COURT:  All right.  I have considered
3    carefully everything that has been offered in
4    this case.  I know how important it is to all of
5    the parties.  I wish that what I decided today
6    would settle some things, but it sounds as though
7    that's not to be.  I would encourage the parties
8    to really take a look at what you are doing and
9    see if whether or not after today you can try to
10   put all of this to rest and go on with your lives
11   and get on to something more meaningful, but
12   that's beside the point.
13         My job today is to consider the evidence
14   that was offered, to find facts and to apply the
15   law to those facts and reach conclusions as to
16   whether or not the plaintiffs have met their
17   burden of proof and should prevail on the issues
18   that I have to decide.  If they do not meet their
19   burden of proof, then, of course, the verdict
20   must be for the defendants.
21         So taking the counts a bit out of order,
22   and I'm going to address first Count 2 of the
23   complaint, which deals with the allegation of a
24   breach of contract, I make the following findings
</pre>

1    of facts and conclusions of law:

2            There was a valid contract entered into

3    between the parties on September 11th, 2000.

4    That was an employment agreement.  It contained a

5    confidentiality clause.

6            Approximately four months later, the

7    defendant, Mr. Marino, was terminated from his

8    employment and escorted from the building of the

9    plaintiffs'.  Litigation ensued over this

10   termination.  That was in the Delaware courts.

11   The matter was litigated apparently somewhat, but

12   didn't go to trial, and was settled by way of a

13   detailed agreement, which was Exhibit D-1.

14           D-1 resolved the dispute that was between

15   the parties at that time and included detailed

16   mutual releases, including a release which

17   extinguished the employment contract and any

18   future claims arising under it.  And I refer

19   specifically to paragraph three, where the

20   plaintiffs in this case released the defendant in

21   this case and discharged Mr. Marino from all

22   future claims, damages, causes of actions of any

23   nature relating to the employment agreement.

24           Accordingly, there cannot be any damages

awarded to plaintiffs for any alleged violation
of the confidentiality provision of that contract
because the contract was extinguished by the
settlement in the wrongful termination suit.  On
the contract count, I found in favor of the
defendant and against the plaintiffs in no
amount.

The count charging a breach of fiduciary
duty, generally an attorney owes his client the
duty of confidentiality.  The plaintiffs alleged
here that the defendant breached that duty of
confidentiality by two disclosures:  One to the
Attorney General of New York by way of an
affidavit which was generated sometime -- I
believe it was September of 2003.  The other way
that the plaintiffs alleged that the defendant
violated the fiduciary duty of confidentiality
was by filing a lawsuit.  I can't recall if that
was in Delaware Chancery Court or U.S. District
Court in Delaware, but at any rate, a lawsuit
against a law firm, Richards, Layton & Finger,
and an attorney, Mr. Herrmann.  Mr. Herrmann was
a member of the board of directors of the
plaintiffs' bank and/or credit card company, and

1    he worked for the law firm of Richards, Layton &
2    Finger.
3         The plaintiffs point out that this
4    lawsuit really was involved with the activities
5    of the bank and the credit card company.  It was
6    not a separate individual case having no
7    connection with the bank or the credit card
8    company.  And while the defendants dispute that,
9    I find that the plaintiffs are correct, in that
10   this was all involved with things that had gone
11   on between the parties because of their
12   connection with and employment with the bank and
13   credit card company.
14        The affidavit to the Attorney General of
15   New York by Mr. Marino was done after Mr. Marino
16   had initiated contact with the Attorney General
17   of New York because there was already ongoing
18   litigation by the Attorney General against the
19   plaintiffs in this case.  Before the affidavit
20   was issued, the Attorney General of New York
21   issued a subpoena compelling Mr. Marino's
22   appearance for a deposition regarding the ongoing
23   allegations by the Attorney General of New York
24   against the bank and credit card company.  He,

6

1    Mr. Marino, was given the option to submit an
2    affidavit rather than appear for the deposition.
3    Although the technical provisions of
4    domesticating that subpoena to wherever it was
5    that Mr. Marino resided or worked -- I can't
6    remember if it was Pennsylvania or Delaware, but
7    clearly it was not New York, but those
8    domestication processes did not occur. However,
9    I find that to be insignificant in this case.
10        Certainly had Mr. Marino demanded that
11   the Attorney General go to that time and expense,
12   that could have been done, but at any rate, it
13   was clear that there was a subpoena issued by a
14   governmental agency, which is dedicated to making
15   sure that banks and credit card companies comply
16   with the law, and the affidavit was in response
17   to that.
18        The plaintiffs in this case do not allege
19   that the defendant revealed any trade secrets or
20   information of that nature which might give a
21   competitor an unfair advantage in the ordinary
22   course of business.  The plaintiffs do not allege
23   that the defendant gave false information to the
24   Attorney General of New York or included

1    information in the lawsuit against the law firm

2    and Mr. Herrmann.

3         The plaintiffs allege that the defendant

4    revealed information relating to predatory

5    lending practices and other illegal activities

6    which caused financial harm to thousands of the

7    bank and credit card customers. The plaintiffs

8    claim that that information must remain

9    confidential and that no one should be able to

10   give that information to the authorities.

11        We consider the Rules of Professional

12   Conduct for Delaware attorneys, and those rules,

13   specifically 1.6, provide that lawyers shall not

14   reveal information relating to representation of

15   a client without the client's consent except in

16   certain circumstances.

17        In first considering the affidavit of Mr.

18   Marino to the Attorney General in New York, I

19   have considered specifically Rule 1.6 (b)(3) and

20   (b)(6) and find that those exceptions apply.

21        With regard to the information that

22   exists in the lawsuit against RL&F and Herrmann,

23   I looked to exception (b)(5), and I find that

24   those exceptions apply. Because they are

1    exceptions, there is no requirement that the

2    attorney get the consent of the client in

3    revealing information in those circumstances.

4         I recognize that the Rules of

5    Professional Conduct do not fully answer

6    questions regarding the breach of fiduciary duty,

7    which is a common law tort action, but I find

8    them to be helpful, and I do find them to be

9    consistent with common law.

10         I find that it is against public policy

11   to require a lawyer who is involved in

12   representing a client while the client ignores

13   the lawyer's advice and perpetrates ongoing fraud

14   and other crimes, it is against public policy to

15   require that lawyer to remain silent.  That would

16   require the lawyer to become a coconspirator in

17   the crimes, and that is against public policy.

18         Also, public policy would not support a

19   law that would require that any client can do any

20   wrong to an attorney, and the attorney cannot

21   seek redress in a court of law because of the

22   attorney-client privilege.  It is a privilege.

23   It is not a way to evade responsibility for

24   ongoing wrongdoing.

1          It is a separate matter to have an

2    attorney-client privilege where someone is

3    accused of a crime and afterwards, after an

4    arrest, goes to an attorney and has to have that

5    type of privilege in order to get advice and that

6    sort of thing.  I find this to be an entirely

7    different matter because of the ongoing nature of

8    it and the fact that the attorney, as general

9    counsel to the plaintiffs, was involved in the

10   ongoing practices of the business.  To require

11   him to remain silent, as I said, would require

12   him to become a coconspirator in those

13   activities.

14          For the reasons I've stated, I find that

15   there was no breach of fiduciary duty and

16   certainly there are no damages suffered by

17   plaintiffs as a result of what was revealed.

18          When I looked to the request for an

19   injunction, I recognized that there was an

20   injunction issued after a conference between the

21   Court and the attorneys and by agreement, after

22   that conference, an injunction was issued on May

23   18th, 2004.  I find that that is not a proper

24   injunction and it is hereby dissolved.  There is

1   no attorney-client privilege that has been

2   violated, and there is no attorney-client

3   privilege that I have any evidence anyone is

4   intending to violate in the future.

5           I want to make it very clear to the

6   parties that I find that Mr. Marino is not

7   precluded from answering inquiries by any other

8   law enforcement agencies or Attorneys General in

9   any other state in the nation.  That is my

10  specific finding after having heard all of the

11  testimony and litigated that particular issue.

12          So I do not find that there is any

13  attorney-client privilege that applies there.  I

14  am dissolving that injunction.  There is no

15  requirement that Mr. Marino notify you before he

16  tells people what he knows about the ongoing

17  activities of the bank.  You are on notice from

18  this that he may do that, and he is not required

19  to give you any further notice whatsoever if

20  anyone from law enforcement calls and asks what

21  he knows about this.  I just want to make sure

22  that it is very clear, so that this is not

23  litigated over and over and over.

24          I also want to make it very clear,

because I have some concern that perhaps my
injunction, which required notice, gave other
courts pause in thinking that it was my
impression that an attorney-client privilege
existed, I had not determined that point at the
time I issued that injunction.  I issued that
injunction with agreement of the parties on a
temporary basis until full litigation.  Now that
I have done that, I just want to make it clear
that I do not find that it applies.  I do not
find that there has been any violation
whatsoever.

     I believe that that concludes this
matter.  In summary, I find in favor of the
defendant and against the plaintiffs on all
counts.

     Thank you.

     MR. CAPRARA:  Your Honor --

     MR. GIBSON:  Thank you, Your Honor.

     MR. CAPRARA:  -- may I ask that you
continue the injunction for 30 days to give us an
opportunity to seek an emergency appeal?

     THE COURT:  No, sir.  It is dissolved
immediately.

12

1                    (Proceedings concluded at 12:10 p.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1                    C E R T I F I C A T E

2

3         I hereby certify that the proceedings,

4    evidence, and rulings are contained fully and

5    accurately in the notes taken by me on the trial

6    of the above cause, and that this copy is a

7    correct transcript of the same.

8

9

10                    ‾O‾F‾F‾I‾C‾I‾A‾L‾ ‾C‾O‾U‾R‾T‾ ‾R‾E‾P‾O‾R‾T‾E‾R‾

11

12

13         The foregoing record of the proceedings

14    upon the trial of the above cause is hereby

15    approved and directed to be filed.

16

17

18              ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾J‾U‾D‾G‾E‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾

19

20

21

22

23

24

CROSS COUNTRY BANK and        : IN THE COURT OF COMMON PLEAS
APPLIED CARD SYSTEMS, INC.,
                   Plaintiffs      : CHESTER COUNTY, PENNSYLVANIA
        VS.
                                : CIVIL ACTION – LAW

KENNETH J. MARINO,               : NO. 04-03203
                   Defendant

Joseph A. Caprara, Esquire, on behalf of Plaintiffs
Kevin William Gibson, Esquire, on behalf of Defendant

## VERDICT

AND NOW, this  24th  day of August, 2005, following trial of the above-captioned

matter by the undersigned, sitting without a jury, we find in favor of Defendant and against

Plaintiffs on all counts.  Plaintiffs' Complaint is DISMISSED with prejudice.

It is further ORDERED that the injunction entered by agreement of the parties after

conference with the Court on May 17, 2004, is hereby VACATED.[1]

BY THE COURT:

*Jacqueline C. Cody*           
                                        J.

---

[1] At trial in the above-captioned matter, the parties specifically and thoroughly litigated the issue
of whether the attorney-client privilege precludes Mr. Marino from disclosing information
regarding predatory lending practices and other illegal activities of Plaintiffs with attorneys
general of various states, or other law enforcement officials.  We specifically find that the
attorney-client privilege does not apply and does not preclude Mr. Marino from answering
inquiries or testifying at the request of attorneys general regarding information acquired by Mr.
Marino during his employment as general counsel to Plaintiffs.

    Additional findings of fact and conclusions of law supporting this verdict were entered on the
record in open court, immediately following trial of the above-captioned matter.

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENNETH J. MARINO,                    :

      Plaintiff,                        :

      v.                                :    C.A. No. 02-065 GMS

CROSS COUNTRY BANK,                   :
APPLIED CARD SYSTEMS, INC., and       :
ROCCO ABESSINIO,                      :

      Defendants.                       :

## STIPULATION OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1), the parties, by and through their

undersigned counsel, hereby stipulate to the dismissal of this action, with prejudice.  The parties

hereto irrevocably consent to the exclusive jurisdiction of this Court for any claims or disputes

between or among the parties arising out of, or relating to, the Settlement Agreement and Mutual

General Release executed by and between the parties, and this Court shall reserve jurisdiction to

enforce the provisions of this Agreement.

DATED: __5 / 1__, 2003

DUANE MORRIS LLP

_____
John L. Reed (I.D. No. 3025)
Timothy R. Dudderar (I.D. No. 3890)
1100 N. Market Street, 12th Floor
Wilmington, DE 19801
Tel.: 302.657.4900
Fax.: 302.657.4901

    -and-

BUCHANAN INGERSOLL, P.C.

_____
David E. Wilks
1201 N. Market Street, Suite 1501
Wilmington, DE 19801
Tel.: 302.428.5551
Fax: 302.428.3996

Attorney for the Plaintiff

14

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter, the "Agreement") is

made this ____ day of _____, 2003, by and between Kenneth J. Marino, on the one hand,

and Cross Country Bank, Applied Card Systems, Inc. and Rocco A. Abessinio, on the other.

### RECITALS UNDERLYING THE AGREEMENT

#### RECITAL A

As used herein, "Plaintiff" shall mean and include Kenneth J. Marino and any and all of

his heirs, heirs at law, next of kin, successors, assigns, employees, attorneys and representatives.

"Defendants" shall mean and include Cross Country Bank ("CCB"), Applied Card

Systems, Inc. ("ACS"), any and all of their past, present and future agents, employees,

representatives, predecessors, successors, parents, subsidiaries, divisions, officers, principals,

shareholders, insurers, directors, assigns, distributors, wholesalers, dealers, affiliates and

attorneys; and Rocco Abessinio and any of his heirs, heirs at law, next of kin, successors, assigns,

employees, attorneys and representatives.[1]

#### RECITAL B

On or about September 11, 2000, the parties entered into a written Employment

Agreement under which Plaintiff was to serve as Defendants' General Counsel. Plaintiff's

employment was subsequently terminated on or about February 14, 2001.

---

[1] As referenced herein, "attorneys" shall mean any and all of defendants' attorneys past, present or future including, but not limited to, John L. Reed, Esquire, Timothy R. Dudderar, Esquire, David L. Braverman, Esquire, Michelle S. Walker, Esquire and Stephen E. Herrmann, Esquire. "Officers" shall include James M. Dougherty, Paul C. Seitz, and Dennis Fish.

RECITAL C

On July 11, 2001, Defendants initiated an arbitration proceeding against the Plaintiff, arising out of the Employment Agreement, styled *Cross Country Bank/Applied Card Systems and Kenneth J. Marino*, No. 14-160-00236-01-ENH (the "Arbitration Case"). In the Arbitration Case, Plaintiff filed a counterclaim.

RECITAL D

On January 25, 2002, Plaintiff commenced an action against the Defendants in the United States District Court for the District of Delaware, captioned as *Marino v. Cross Country Bank, et al.*, No 02-065 GMS (the "Federal Litigation"). The Federal Litigation asserted claims which arose out of Plaintiff's employment relationship with Defendants.

RECITAL E

On June 6, 2002, the parties filed a Joint Status Report in the Federal Litigation in which they agreed that the claims, defenses and counterclaims raised in the Arbitration Case would be consolidated into the Federal Litigation, each side preserving its respective claims and defenses.

RECITAL F

In the Federal Litigation, Plaintiff filed an amended complaint on June 21, 2002, asserting claims against Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, defamation, injurious falsehood, interference with prospective business relations and conspiracy (the "Amended Complaint").

RECITAL G

In the Federal Litigation, Defendants asserted counterclaims against Plaintiff for breach of contract (two counts), breach of fiduciary duty and an intentional tort arising out of Plaintiff's employment relationship with Defendants as their General Counsel (the "Counterclaim").

RECITAL H

By Order dated February 14, 2003, the United States District Court for the District of Delaware dismissed Plaintiff's claims for interference with prospective business relations and conspiracy as to each Defendant, with prejudice, and Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and breach of contract as to defendant Abessinio, only, with prejudice.

RECITAL I

This Agreement is a *bona fide* good faith settlement of Plaintiff's claims against Defendants and Defendants' claims against Plaintiff arising out of, or in any way related to, Plaintiff's Employment Agreement and/or employment relationship with Defendants.

RECITAL J

As used herein, "Settlement Sum" shall mean the amount stated on a sealed record with the United States District Court for the District of Delaware on February __, 2003.

RECITAL K

This release is intended to be a General Release.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

3

1.    INCORPORATION

All of the above Recitals are hereby incorporated into this Agreement by reference as though fully set forth herein verbatim.

2.    VOLUNTARY DISMISSAL

The parties hereby stipulate to the voluntary dismissal of all claims in the Federal Litigation, except for the Plaintiff's claim for defamation, pursuant to the Stipulation of Dismissal, a copy of which is attached hereto as Exhibit "A." Specifically, Plaintiff shall voluntarily dismiss all claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, injurious falsehood, interference with prospective business relations and conspiracy against all Defendants in the Federal Litigation, with prejudice.

Plaintiff hereby releases, acquits and forever discharges Defendants from any and all past, present or future claims, damages, causes of action, liens, demands, debts, liabilities, controversies or expenses, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever which Plaintiff has or claims to have, or in any manner growing out of Plaintiff's claims as alleged in the Amended Complaint or any allegations related thereto, from the beginning of time to the date of this Agreement, including, but not limited to, any claims for attorneys fees, claims for benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and any claims whatsoever arising out of Plaintiff's Employment Agreement and/or employment relationship with the Defendants.

Plaintiff covenants and agrees not to sue or otherwise bring any suit or claim in any court or other forum against Defendants, or any of them, arising out of or relating to any of the claims voluntarily dismissed hereunder. Plaintiff further agrees that Plaintiff shall be liable to

4

Defendants for damages, including attorneys' fees and expenses (whether or not allowed by law), as a result of any violation by Plaintiff of the covenant not to sue contained in this paragraph.

3.     RELEASE – DEFAMATION CLAIM

In consideration of the payment made by Defendants in the amount and manner set forth in Paragraph 6 hereof, Plaintiff hereby releases, acquits and forever discharges Defendants from any and all past, present or future claims, damages, causes of action, liens, demands, debts, liabilities, controversies or expenses, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever which Plaintiff has or claims to have, or in any manner growing out of Plaintiff's claim for defamation as alleged in the Amended Complaint or any allegations related thereto from the beginning of time to the date of this Agreement.

In consideration of Plaintiff's dismissal of all claims in the Federal Litigation in the manner set forth in Paragraph 6 hereof, and Plaintiff's Release as set forth herein, Defendants hereby release and forever discharge the Plaintiff from any and all past, present or future claims, damages, causes of action, liens, demands, debts, liabilities, controversies or expenses, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever which Defendants have or claim to have, or in any manner growing out of the claims alleged in Defendants' Counterclaim and the negotiation, operation or termination of the Employment Agreement or employment relationship including, without limitation, any and all claims for damages related to the Federal Litigation, known or unknown damages, expenses, liens, demands, causes of action or claims, from the beginning of time to the date of this Agreement.

5

This Release and Discharge shall be a fully binding and complete settlement between the parties to this Agreement. This Release is intended to, and does hereby fully and completely, extinguish any and all claims the Plaintiff or Defendants have, or may have, against each other arising out of, or in any way related to, the claims set forth in the Amended Complaint and the Counterclaim, relating to the Employment Agreement and the employment relationship which existed between the parties.

4.     UNKNOWN CLAIMS AND INJURIES

This is a General Release by the parties of and from any and all, present or future, state or federal, civil or criminal actions, causes of action, claims, liens, injuries, costs, liens, demands, debts, liabilities, controversies and expenses and all future developments therefrom including, but not limited to, all claims or rights of action for damages which the parties have, or may hereinafter have, resulting from the claims alleged in the Amended Complaint and the Counterclaim. The parties hereto understand that they may have suffered injuries and damages that are unknown to them at present or that unknown complications of present known injuries may arise, develop or be discovered in the future. The parties acknowledge that the consideration paid and action taken as specified in Paragraph 6 of this Agreement are intended to, and do, release and forever discharge the parties from any and all claims by them in regard to such unknown or future damages, injuries or complications, including effects or consequences thereof regardless of mistake of law or fact. The parties hereby waive any right to assert against each other in the future any claim not known or suspected even though, if such claims were known, such knowledge would materially affect the terms of this Agreement.

6

5.    ATTORNEYS FEES, COSTS AND OTHER EXPENSES

Each party hereto shall bear its own attorneys fees, costs and all other fees arising in connection with or related in any way to the Federal Litigation, the Arbitration Case, this Agreement and the matters and documents referred to herein and all related matters.

6.    CONSIDERATION

In consideration of the release of liability as set forth in Paragraphs 3 and 4 above, Defendants shall pay the Plaintiff the Settlement Sum in full and final settlement of Plaintiff's claim for defamation against the Defendants, within five (5) business days after complete execution of this Agreement.

7.    REPRESENTATIONS

The parties understand and acknowledge that the consideration paid pursuant to Paragraph 6 is all the monies and/or property ever to be paid by either of them or their heirs, executors, administrators, assigns, past, present and future agents, employees, principals, shareholders, representatives, predecessors, successors, parents, subsidiaries, divisions, officers, insurers, directors, distributors, wholesalers, dealers, affiliates, and attorneys as a result of or in any way arising out of or connected with the claims alleged in the Amended Complaint and the Counterclaim.

8.    ADEQUATE CONSIDERATION: DENIAL OF LIABILITY

The parties agree and acknowledge that they and their respective attorneys have received from each other the compensation and action specified in Paragraph 6 above as a full, complete, final and binding compromise of matters involving disputed issues herein regardless of whether too much or too little may have been paid; that both parties have expressly denied and continue

7

to expressly deny any liability or wrongdoing in connection with claims alleged in the Amended Complaint and the Counterclaim; and that the consideration paid or the action taken shall not be considered an admission by any party of any liability or wrongdoing; and that no past or present wrongdoing on the part of either party shall be implied by such payment or action.

9.    CONFIDENTIALITY

The terms of this Agreement are completely confidential, and shall not be disclosed to anyone other than the parties or their respective attorneys, accountants and other parties to whom disclosure is necessary pursuant to an action to enforce this Agreement or defend the same, or in connection with tax filings, or by compulsion of law. No party shall disclose any information concerning this Agreement to any person, including, any of Defendants' employees, past, present or future. Violation of the confidentiality provisions contain herein may be enjoined and, whether or not enjoined, shall subject the violating party to liability for damages, including attorneys fees and expenses. Additionally, violation of this paragraph shall constitute breach of this Agreement requiring the violating party to disgorge any and all benefits received under this Agreement, including, but not limited to, the Settlement Sum, if applicable.

10.    COMMUNICATION

Plaintiff shall not communicate with CCB, ACS or any and all of their past, present and future agents, employees, representatives, predecessors, successors, parents, subsidiaries, divisions, officers, principals, shareholders, insurers, directors, assigns, distributors, wholesalers, dealers, affiliates and attorneys; or Rocco Abessinio and any of his heirs, heirs at law, next of kin, successors, assigns, employees, attorneys and representatives, concerning any matters relating to the claims of the Amended Complaint, the Counterclaim or this Agreement. A

8

violation of this paragraph shall be considered a breach of this Agreement entitling defendant to equitable relief and attorneys fees and expenses as more fully set forth in paragraph 15, below. Additionally, violation of this paragraph shall constitute breach of this Agreement requiring the violating party to disgorge any and all benefits received under this Agreement, including, but not limited to, the Settlement Sum, if applicable.

11.    NON-DISPARAGEMENT

Plaintiff shall not disparage or defame, either by written or spoken word, CCB, ACS or any and all of their past, present and future agents, employees, representatives, predecessors, successors, parents, subsidiaries, divisions, officers, principals, shareholders, insurers, directors, assigns, distributors, wholesalers, dealers, affiliates and attorneys; or Rocco Abessinio and any of his heirs, heirs at law, next of kin, successors, assigns, employees, attorneys and representatives, via any medium whatsoever, including, but not limited to, e-mail and communications via the internet, either in his own name or under assumed names, identities or aliases. Defendants, and those acting at defendants' direction, shall not disparage, either by written or spoken word, Kenneth J. Marino via any medium whatsoever, including, but not limited to, e-mail and communications via the internet, either in their own names or under assumed names, identities or aliases. A violation of this paragraph shall be considered a breach of this Agreement entitling the violating party to equitable relief and attorneys fees and expenses as more fully set forth in paragraph 15, below. Additionally, violation of this paragraph shall constitute breach of this Agreement requiring the violating party to disgorge any and all benefits received under this Agreement, including, but not limited to, the Settlement Sum, if applicable.

9

12.  TAXES

Plaintiff shall be solely responsible for all federal, state and local taxes, if any, to which his receipt of the Settlement Sum may be subject. Defendants make no representations, warranties or claims with respect to any tax liability or tax treatment of the Settlement Sum.

13.  GOVERNING LAW

This Agreement shall be interpreted and construed under the laws of the state of Delaware.

14.  EXCLUSIVE JURISDICTION

The parties hereto irrevocably consent to the exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to, this Agreement, and said court shall reserve jurisdiction to enforce the provisions of this agreement.

15.  COVENANT NOT TO SUE

The parties covenant and agree not to sue or otherwise bring any suit or claim with any court against each other for any claims released by, or dismissed in connection with, this Agreement. The parties further covenant and agree that any party violating this paragraph is solely liable for any and all attorneys' fees and expenses (whether or not allowed by law) of the other parties as a result of any such suit by the violating party.

16.  ENTIRE AGREEMENT

This Agreement contains the entire agreement between the parties with regard to the matters set forth herein. This is the only agreement between the parties with respect to the matters addressed herein and there are no oral or side representations or agreements that affect

10

the subject matter of this Agreement.  This Agreement may only be modified by an instrument in writing which is agreed to and signed by all parties to this Agreement.

### 17.    DELIVERY OF REQUEST FOR ORDER TO MARK ACTION SETTLED, DISCONTINUED AND ENDED

Concurrent with the execution of this Agreement, counsel for Plaintiff shall execute the Stipulation of Dismissal attached hereto as Exhibit "A" and deliver the executed original of that Stipulation to defense counsel for filing with the United States District Court for the District of Delaware, as a matter of record.  Each party shall bear its own attorneys' fees, expenses and other costs in connection with the dismissal of the Federal Litigation.  The parties agree that the Federal Litigation shall be dismissed in its entirety by entry of the Stipulation of Dismissal, and without costs or attorneys' fees to any party and that said Order shall bar any future action by either party against the other, notwithstanding any failure on the part of any party to object to improper joinder of claims or failure to join claims required to be joined in said civil actions.

### 18.    WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The parties hereby represent and warrant that they are the real parties in interest in the Federal Litigation and have the sole right and exclusive authority to execute this Agreement on their respective behaves.

### 19.    HEARINGS

Section headings in this Agreement are inserted for convenience only and do not constitute part of this Agreement.

### 20.    DRAFTING OF DOCUMENT AND RELIANCE

Defendants' attorneys and Plaintiff's attorneys have jointly drafted this Agreement.  Each

11

party warrants, represents and agrees, however, that they are not relying on the advice of the other or the other's attorneys as to the legal and/or income tax consequences of this settlement or Agreement. Furthermore, each party hereby releases and discharges the other and its attorneys from any and all claims, rights, damages and costs including, but not limited to, reasonable attorneys' fees or expenses of any nature whatsoever that may hereinafter arise by reason of the legal or income tax consequences of this Agreement.

21.    <u>EXECUTION IN COUNTERPARTS</u>

The parties agree that this document may be executed in counterparts.

THE PARTIES FURTHER STATE THAT THEY HAVE CAREFULLY READ AND/OR HAD READ TO THEM THE FOREGOING AGREEMENT, CONSISTING OF THIS PAGE AND ELEVEN OTHER PAGES, EXCLUSIVE OF THE SIGNATURE PAGE, AND THAT THEY KNOW, UNDERSTAND AND AGREE WITH THE CONTENTS HEREOF AND THAT THEY HAVE SIGNED THIS DOCUMENT AS THEIR OWN VOLUNTARY ACT AND DEED BECAUSE THEY HAVE AGREED TO THE SETTLEMENT AND THE AGREEMENT CONTAINED HEREIN.

WITNESSES:                          BY:

_____           _____
                                    Kenneth J. Marino


_____           _____
                                    Cross Country Bank

                                    Title: _____


_____           _____
                                    Applied Card Systems, Inc.

                                    Title: _____


_____           _____
                                    Rocco A. Abessinio


13

WITNESSES:                          BY:

_____
Kenneth J. Marino                   _____

_____
Cross Country Bank                  _____

Title: _Sr EVP_____

_____
Applied Card Systems, Inc.          _____

Title: _Chairman_____

_____
Rocco A. Abessinio                  _____

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

IN THE CIRCUIT COURT OF KANAWHA
COUNTY, WEST VIRGINIA

CROSS COUNTRY BANK                    :
800 Delaware Avenue                   :
Wilmington, DE 19801                  :
      and                             :        CIVIL ACTION
APPLIED CARD SYSTEMS, INC.            :
P.O. Box 310730                       :        NO.
Boca Raton, FL  33431                 :
                                      :
                                      :
           Plaintiffs,              :
                                      :
                                      :
      v.                            :
                                      :
DARRELL V. McGRAW, JR.,               :
ATTORNEY GENERAL OF THE               :
STATE OF WEST VIRGINIA,               :
                                      :
                                      :
         Defendant.                 :

## AFFIDAVIT OF ROCCO A. ABESSINIO

I, Rocco Abessinio, having been duly sworn, state as follows:

1.      I am over 18 years of age and am competent to testify regarding the matters in this Declaration.

2.      I am Chairman of the Board of both Cross Country Bank ("CCB") and Applied Card Systems, Inc. ("ACS") (hereafter, together, "CCB"). I am authorized to make this Affidavit, and the facts set forth herein are based upon my personal knowledge.

3.      From in or about late 1998 or early 1999 through September 30, 2000, while he was a lawyer at Blank, Rome, Comisky & McCauley ("Blank Rome"), Kenneth J. Marino, Esq. provided legal services to CCB primarily in connection with consumer compliance issues. During this period, Mr. Marino provided no non-legal services to CCB concerning litigation matters and provided no non-legal advice to CCB.

4.      From October 1, 2000 through his termination for cause by CCB, effective February 14, 2001, Mr. Marino served as Executive Vice President and General Counsel to CCB. As Executive Vice President and General Counsel, Mr. Marino was CCB's chief legal officer, responsible for obtaining information from me and other officers and employees of CCB and advising CCB concerning their obligations under federal and state consumer credit, banking and other laws, performing legal work concerning securitizations and overseeing CCB's litigation. Mr. Marino was hired to ensure the efficient delivery of outside legal services, provide legal expertise concerning the interplay of consumer lending laws and regulations (*e.g.,* Federal Reserve Board Regulations B and Z, state consumer lending laws) to CCB's offerings and products and to oversee, direct and manage litigation facing CCB. Mr. Marino was not expected or requested to provide non-legal advice to CCB.

5.      CCB terminated Mr. Marino for cause, effective February 14, 2001. Mr. Marino's termination was *not* a result of any concerns or complaints of Mr. Marino about the regulatory and legal compliance of CCB. Shortly following his termination, Mr. Marino brought a wrongful termination lawsuit against CCB and, during the course of the ensuing proceedings, made repeated threats against CCB and me personally in an effort to extort payments from CCB. In my entire business experience, I have never encountered anyone who manifested the level of anger, hostility and total disregard for ethical standards shown by Mr. Marino following his termination.

6.      Mr. Marino's lawsuit was ultimately settled by payment of a fraction of the amount demanded by Mr. Marino.

7.      I have reviewed Mr. Marino's affidavit, dated September 4, 2003. Until the affidavit was filed by the State of Minnesota in a case in that state, I was unaware, and to the

best of my knowledge, CCB's other employees and representatives were unaware, that Mr.

Marino was in contact with the State of New York, that the State of New York had sent a

subpoena to Mr. Marino, or that Mr. Marino had executed an affidavit.

8.      CCB considers any and all information about CCB that they provided to

Mr. Marino or that Mr. Marino obtained during the course of his representation (both while Mr.

Marino was at Blank Rome and while he was employed by CCB) to be confidential information

protected by the attorney-client privilege.  CCB has not waived the attorney-client privilege or

authorized Mr. Marino to waive the privilege on its behalf.

9.      CCB believes that it should not be placed in the position of having to

respond to statements about privileged matters made by their former counsel.  CCB intends to

respond in any proceeding on the legal and factual merits and believes there should be, and is, no

requirement that CCB refute improper statements made by former counsel in breach of his

fundamental duties as a lawyer.  Suffice it to say that Mr. Marino's affidavit presents a false and

distorted picture of CCB, my statements and actions, Mr. Marino's conduct, and communications

between Mr. Marino and me.  Mr. Marino's affidavit should be disregarded.

10.     I have never instructed any executives or other employees of ACS or CCB

to disregard or fail to comply with any applicable federal or state law that applies to ACS or

CCB.  CCB and ACS attempt to comply with all applicable laws, and I expect and require all

officers and employees to comply with all applicable laws at all times.

Dana Gutierrez
Commission # DD 066593
Expires Nov. 20, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

Rocco A. Abessinio

Sworn to and subscribed
before me this 27th
day of February, 2004



before me this      day

of                 , 2004



Notary Public

Dana  Gutierrez
Commission # DD 066593
Expires Nov. 20, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH J. MARINO                          :
                                           :
        V                                  :
                                           :        No. 07-1389
CROSS COUNTRY BANK and                     :
APPLIED CARD SYSTEMS                       :


## ORDER

    And now this        day of            2007, upon review of the Plaintiff's

Motion to Amend his Complaint and the Defendant's response thereto, and oral argument

if any , it is hereby ORDERED AND DECREED that the Motion is GRANTED.



_____
J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CROSS COUNTY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

## <u>ORDER</u>

    **AND NOW**, this 5th day of June, 2007, it is ordered that in addition to a hearing on a rule to show cause why this action should not be remanded for failure to meet the jurisdictional amount in controversy on June 25, 2007 at 10:00 a.m., the court will also hear argument on why this case should not be transferred to the District of Delaware under the Stipulation of Dismissal, United States District Court for the District of Delaware, CA 02-065 GMS, and Paragraph 14 of the Settlement Agreement file therewith.  Argument on plaintiff's motion to amend his complaint will also be heard.

                                                     */s/ Norma L. Shapiro*

                                                                             S.J.

## PRETRIAL SCHEDULING/STATUS CONFERENCE REPORT

CIVIL ACTION NO.:    07-1389    JURY TRIAL:  X     Non-Jury Trial _____

Title of Case:  Kenneth J. Marino v. Cross Country Bank and Applied Card Systems, Inc.

Name of **Trial** Counsel:  Kevin William Gibson, Esquire
Representing:      Plaintiff, Kenneth J. Marino

Law Firm: Gibson & Perkins, P.C.
Address:  200 East State Street, Suite 105, Media, PA  19063
Phone Number:   (610) 565-1708

Jurisdiction:  DIVERSITY _____

Proof of Service Filed as to Defendants*:   Yes  X      No _____

1.a.  Fed.R.Civ.P 16 conference date:  June 25, 2007
1.b.  Fed.R.Civ.P 26(f) discovery/settlement conference date (at east 21 days prior to above)*: _____

2.   Proposed Discovery Schedule:
     Plaintiff:       10 months
     Defendant:    _____
     Third-Part Defendant: _____
     **If discovery of electronically stored information is proposed, information required by Form 35, as  amended December 1, 2006 (adaptation attached), must be provided or the right to such discovery will be waived.**

3.   Mandatory Disclosure under Fed.R.Civ.P 26(a)(1) (due 14 days after Fed.R.Civ.P. 26(f) conference): _____

4.   What, if any, matters will require action by the court before trial:  Motion to Amend complaint

5.   Case will be ready for trial on or about:  June 25, 2008

6.   Trial time:  a)   Estimate of total time to present your case  4 days
                  b)   Estimate of total time for the entire trial  10 days

7.   Prospect of Settlement:    Likely _____    Possible _____    Unlikely  ✓
     Settlement conference desired?   Now _____    Later  ✓
     (State at which state appropriate)  1 month prior to trial

8.   Special comments: _____

                        _____
                        Kevin William Gibson, Esquire
                        Counsel for Plaintiff

**Fed.R.Civ.P. 4(j):  If service of summons and complaint  is not made upon a defendant within 120 days, the action shall be dismissed without prejudice as to that defendant.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH J. MARINO, | : |
| Plaintiff, | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : |
| CROSS COUNTRY BANK and | : **NO. 07-1389** |
| | : |
| APPLIED CARD SYSTEMS, INC., | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## **ORDER**

       **AND NOW**, this \_\_\_\_ day of _____, 2007, upon consideration of Plaintiff's Motion to Amend his Complaint, and the response of Defendants, Cross Country Bank and Applied Card Systems, Inc. and after argument, it is hereby

       **ORDERED** that Plaintiff's Motion is **DENIED**.

                         **BY THE COURT:**

                         _____
                                        **, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH J. MARINO,<br>           Plaintiff, | : <br> : <br> : <br> : |
| vi. | :      **CIVIL ACTION** |
| CROSS COUNTRY BANK and | :      **NO. 07-1389** |
| APPLIED CARD SYSTEMS, INC., | : <br> : |
|            Defendants. | : <br> : <br> : |

## RESPONSE OF CROSS COUNTRY BANK AND APPLIED CARD SYSTEMS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendants, Cross Country Bank and Applied Card Systems, Inc., file this response to Plaintiff's Motion to Amend Complaint.[1]  Plaintiff's request to amend should be denied. Defendants recognize that Rule 15(a) of the Federal Rules of Civil Procedure advises that leave to amend should be freely given when "justice so requires". However, the policy favoring liberal amendments is "not unbounded".  Schofield v. Trustees of Univ. of Pennsylvania, 894 F. Supp. 194, 196 (E.D. Pa. 1995).  This Court may exercise its discretion and deny leave to amend when such an amendment would be futile, or would cause undue prejudice to the other party.  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006); Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005); Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir. 1992).

In the instant case, Plaintiff seeks to add an entirely unrelated cause of action and a new individual party when such an amendment would have the effect of unnecessarily and unfairly

---

[1]       Plaintiff's motion was not accompanied by a brief as required by Eastern District Local Rule of Civil Procedure 7.1.  Accordingly, Defendants submit this response without the benefit of  Plaintiffs' legal argument and reserve the right to supplement should Plaintiff ultimately file a brief.

prejudicing Defendants in their defense of the action initially filed.  This action involves a one count claim by Plaintiff against his former employer under Pennsylvania's Dragonetti Act for alleged wrongful use of civil proceedings.  The amended complaint adds a second count which seeks to impose liability upon Defendants and a new individual party for allegedly making privileged and protected remarks in the context of a judicial proceeding – a cause of action utterly prohibited by Pennsylvania law.  See, e.g., General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003) (judicial privilege protects litigants against claims for relevant statements made during the course of  judicial proceedings); Joyner v. School Dist. of Philadelphia, 313 F. Supp. 495 (E.D. Pa. 2004) (communications relevant to any stage of a judicial proceeding are accorded absolute privilege).  To permit Plaintiff to amend his complaint to assert a cause of action that could not be successful is futile and requires Defendants and this Court to expend resources wastefully.

Accordingly Defendants, Cross Country Bank and Applied Card Systems, Inc., respectfully request that Plaintiff's motion to amend be denied.

Dated: June 19, 2007                    Respectfully submitted,

**LAMB McERLANE PC**

By: _____
        William H. Lamb, Esquire
        Guy A. Donatelli, Esquire
        Validation No.:  GAD2504
        Attorney I.D. No. 44205
        24 E. Market Street – P.O. Box 565
        West Chester, PA  19381-0565
        (610) 430-8000

Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.

## C E R T I F I C A T E   O F   S E R V I C E

This is to certify that in this case complete copies of all papers contained in the foregoing Answer to Plaintiff's Motion to Amend Complaint have been served upon the following persons, by the following means and on the date(s) stated:

| Name: | Means of Service: | Date of Service: |
|---|---|---|
| Kevin W. Gibson, Esquire<br>Gibson & Perkins, P.C.<br>Suite 105<br>200 East State Street<br>Media, PA 19063 | First Class Mail | June 19, 2007 |

**LAMB McERLANE PC**


By: _____
        Guy A. Donatelli, Esquire
        Validation No.:  GAD2504
        Attorney I.D. No. 44205
        24 E. Market Street – P.O. Box 565
        West Chester, PA  19381-0565
        (610) 430-8000

        Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ———————————— : | |
| KENNETH J. MARINO, : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION** |
| : | |
| CROSS COUNTRY BANK and : | **NO. 07-1389** |
| : | |
| APPLIED CARD SYSTEMS, INC., : | |
| : | |
| Defendants. : | |
| : | |
| ———————————— : | |

## <u>ORDER</u>

**AND NOW**, this ____ day of _____, 2007, upon consideration of Defendants,
Cross Country Bank's and Applied Card Systems, Inc.'s Motion to Compel Answers to Defendants'
First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories
and Plaintiff's Response thereto, it is hereby

**ORDERED** that Plaintiff's Motion is **GRANTED**, and Plaintiff shall provide full and
complete answers and a full and complete production of documents in response to Defendants' First
Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior
to the hearing scheduled in this matter on June 25, 2007.

**BY THE COURT:**

_____
_____, **J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| KENNETH J. MARINO, | : | |
|       Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION** |
| | : | |
| CROSS COUNTRY BANK and | : | **NO. 07-1389** |
| | : | |
| APPLIED CARD SYSTEMS, INC., | : | |
| | : | |
|       Defendants. | : | |
| | : | |
| | : | |

## MOTION OF DEFENDANTS CROSS COUNTRY BANK AND APPLIED CARD SYSTEMS, INC. TO COMPEL ANSWERS TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS ADDRESSED TO PLAINTIFF AND DEFENDANTS' FIRST SET OF INTERROGATORIES

      Defendants, Cross Country Bank and Applied Card Systems, Inc., file this motion to compel Plaintiff to provide full and complete answers and a full and complete production of documents in response to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior to the hearing scheduled in this matter on June 25, 2007, and more particularly allege as follows:

      1.      This matter was removed by Defendants to this Court from the Court of Common Pleas of Delaware County on April 5, 2007, based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

      2.      Plaintiff did not seek to remand the matter back to state court.  However, the Court issued an Order dated April 11, 2007 (Document 2) scheduling a hearing on a rule to show cause why the action should not be remanded for failure to meet the jurisdictional amount in controversy for April 23, 2007.

3.      After a telephone conference between counsel for the parties and the Court, the Court issued an Order dated April 20, 2007 (Document 8) continuing the hearing on the rule to show cause why the action should not be remanded for failure to meet the jurisdictional amount in controversy for June 25, 2007.  In that Order, the Court ordered that the continuance was "to allow for discovery on the amount in controversy".

4.      Accordingly, on May 18, 2007, Defendants counsel served narrowly tailored discovery to address the issue of the amount in controversy.  Copies of this discovery, which entail Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories, are attached hereto as Exhibit "A".

5.      Plaintiff's answers to Defendants' discovery were due on June 17, 2007 (a Sunday) and therefore Defendants expected responses to the discovery by Monday June 18, 2007. F.R.C.P. 33(b) and 34(b).

6.      By Order dated June 5, 2007, (Document 13) the Court, inter alia, confirmed the necessity  for a hearing on the rule to show cause why the action should not be remanded for failure to meet the jurisdictional amount in controversy for June 25, 2007.

7.      On Friday, June 15, 2007, Defendants served upon the Court, with a faxed copy to Plaintiff's counsel, Defendants' Scheduling/Status Conference Report.  Defendants' Report, in the Special Comments section advised, "In anticipation of the conference on June 25, 2007, Defendants served discovery, the responses thereto due on June 18, 2007".

8.      Plaintiff has failed to provide any responses to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories and did not request an extension of time to do so.

9.      Accordingly, by email dated June 20, 2007, counsel for Defendants requested the overdue discovery responses as follows "Your client's answers to and responsive production to my clients' discovery were due on Monday.  Please have them delivered to me no later than noon tomorrow, June 21, 2007".

10.     By email dated June 20, 2007, Plaintiff's counsel responded "it is my opinion that I vitiated any need to answer the discovery by filing the amended complaint. You can consider all requests objected to on this basis. I am in sf [San Francisco] as your client well knows. Call my cell guy if we need to speak. 6102913544  Kwg".

11.     Prior to this email, Plaintiff had never questioned his obligation under the Court's April 20, 2007 Order to respond to Defendants' discovery, and Plaintiff's belated excuses for not doing so are ineffectual.

12.     On June 21, 2007, at approximately 9:30 a.m., EST, counsel for the parties conferred by telephone on the outstanding discovery dispute.  Defendants' counsel maintained the obligation of Plaintiff's obligation to respond to the discovery; Plaintiff's counsel's position is that the filing of the motion to amend the complaint relieves Plaintiff of that obligation.

13.     Without the discovery, Defendants' ability to support the jurisdictional amount in controversy is severely prejudiced.

14.     Plaintiff is in violation of the Court's Orders of April 20, 2007 and June 5, 2007.

15.     Plaintiff should be ordered to provide full and complete answers and a full and complete production of documents in response to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior to the hearing scheduled in this matter on June 25, 2007.

WHEREFORE, Defendants respectfully request that this Court issue and order requiring that Plaintiff serve full and complete answers and a full and complete production of documents in response to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior to the hearing scheduled in this matter on June 25, 2007.

Dated: June 21, 2007                    Respectfully submitted,

                                        **LAMB McERLANE PC**


                                        By: _____
                                            William H. Lamb, Esquire
                                            Guy A. Donatelli, Esquire
                                            Validation No.:  GAD2504
                                            Attorney I.D. No. 44205
                                            24 E. Market Street – P.O. Box 565
                                            West Chester, PA  19381-0565
                                            (610) 430-8000

                                        *Attorneys for Defendants Cross Country Bank*
                                        *and Applied Card Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| KENNETH J. MARINO, | : |
|       Plaintiff, | : |
|  | : |
|       v. | :    **CIVIL ACTION** |
|  | : |
| CROSS COUNTRY BANK and | :    **NO. 07-1389** |
|  | : |
| APPLIED CARD SYSTEMS, INC., | : |
|  | : |
|       Defendants. | : |
|  | : |
|  | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS CROSS
COUNTRY BANK AND APPLIED CARD SYSTEMS, INC. TO COMPEL ANSWERS
TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS ADDRESSED TO
PLAINTIFF AND DEFENDANTS' FIRST SET OF INTERROGATORIES**

Defendants, Cross Country Bank and Applied Card Systems, Inc., seek full and complete

answers and a full and complete production of documents in response to Defendants' First Set of

Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior to the

hearing scheduled in this matter on June 25, 2007. This matter was removed by Defendants to this

Court from the Court of Common Pleas of Delaware County on April 5, 2007, based upon diversity

of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

This Court has issued an Order dated April 20, 2007 (Document 8) scheduling the hearing

on the rule to show cause why the action should not be remanded for failure to meet the

jurisdictional amount in controversy for June 25, 2007.  In that Order, the Court ordered that the

continuance was "to allow for discovery on the amount in controversy".  Based upon this Order, on

May 18, 2007, Defendants' counsel served narrowly tailored discovery to address the issue of the amount in controversy. Plaintiff's answers to Defendants' discovery were due on June 17, 2007 (a Sunday) and therefore Defendants expected responses to the discovery by Monday June 18, 2007. F.R.C.P. 33(b) and 34(b).

By Order dated June 5, 2007, (Document 13) this Court, inter alia, confirmed the necessity for a hearing on the rule to show cause why the action should not be remanded for failure to meet the jurisdictional amount in controversy for June 25, 2007. In anticipation of the hearing, on June 15, 2007, Defendants served upon the Court, with a faxed copy to Plaintiffs' counsel, Defendants' Scheduling/Status Conference Report. Defendants' Report, in the Special Comments section advised, "In anticipation of the conference on June 25, 2007, Defendants served discovery, the responses thereto due on June 18, 2007".

Plaintiff, however, has failed to provide any responses to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories and did not request an extension of time to do so. Therefore, by email dated June 20, 2007, counsel for Defendants requested the overdue discovery responses from Plaintiff as follows. "Your client's answers to and responsive production to my clients' discovery were due on Monday. Please have them delivered to me no later than noon tomorrow, June 21, 2007". By email dated June 20, 2007, Plaintiff's counsel responded "it is my opinion that I vitiated any need to answer the discovery by filing the amended complaint. You can consider all requests objected to on this basis. I am in sf [San Francisco] as your client well knows. Call my cell guy if we need to speak. 6102913544 Kwg".

Prior to this email, Plaintiff had never questioned his obligation under the Court's April 20, 2007 Order to respond to Defendants' discovery, and Plaintiff's belated excuses for not doing so are

ineffectual.  On June 21, 2007, at approximately 9:30 a.m., EST, counsel for the parties conferred by telephone on the outstanding discovery dispute.  Defendants' counsel maintained the obligation of Plaintiff's obligation to respond to the discovery; Plaintiff's counsel's position is that the filing of the motion to amend the complaint relieves Plaintiff of that obligation.  Without the discovery, however, Defendants' ability to support the jurisdictional amount in controversy is severely prejudiced and Plaintiff's failure to object to them constitute a waiver of any argument that he has been some how relieved of that obligation.

Plaintiff is in violation of the Court's Orders of April 20, 2007 and June 5, 2007.  Plaintiff should be ordered to provide full and complete answers and a full and complete production of documents in response to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior to the hearing scheduled in this matter on June 25, 2007.

Dated:  June 21, 2007                    Respectfully submitted,

                                         **LAMB McERLANE PC**


                                         By: _____
                                               William H. Lamb, Esquire
                                               Guy A. Donatelli, Esquire
                                               Validation No.:  GAD2504
                                               Attorney I.D. No. 44205
                                               24 E. Market Street – P.O. Box 565
                                               West Chester, PA  19381-0565
                                               (610) 430-8000

                                          *Attorneys for Defendants Cross Country Bank*
                                          *and Applied Card Systems, Inc.*

# C E R T I F I C A T E   O F   S E R V I C E

This is to certify that in this case complete copies of all papers contained in the foregoing Motion to Compel full and complete answers and a full and complete production of documents in response to Defendants' First Set of Document Requests Addressed to Plaintiff and Defendants' First Set of Interrogatories prior to the hearing scheduled in this matter on June 25, 2007, and Memorandum in Support thereof have been served upon the following persons, by the following means and on the date(s) stated:

| Name: | Means of Service: | Date of Service: |
|---|---|---|
| Kevin W. Gibson, Esquire<br>Gibson & Perkins, P.C.<br>Suite 105<br>200 East State Street<br>Media, PA 19063 | First Class Mail (full copy);<br>and Email (word document of<br>motion only) | June 21, 2007 |

**LAMB McERLANE PC**

By: _____

Guy A. Donatelli, Esquire
Validation No.:  GAD2504
Attorney I.D. No. 44205
24 E. Market Street – P.O. Box 565
West Chester, PA  19381-0565
(610) 430-8000

*Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CROSS COUNTY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

## <u>ORDER</u>

     **AND NOW**, this 25th day of June, 2007, upon consideration of defendants' motion to compel, following a hearing this date at which counsel for all parties were heard, it is

**ORDERED** that defendants' motion to compel answers to first set of document requests and first set of interrogatories addressed to plaintiff (paper no. 16) is **GRANTED in part** and **DENIED in part**. Plaintiff shall answer defendants' interrogatories number 1 and number 2 on or before **<u>June 29, 2007</u>**.

 

                                    /s/ Norma L. Shapiro                
                                      Norma L. Shapiro, S.J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CROSS COUNTRY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

## MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                          **JUNE 29, 2007**

   Plaintiff, Kenneth J. Marino ("Marino"), filed a complaint in Pennsylvania state court; it alleged wrongful use of civil proceedings and claimed damages under the Dragonetti Act, 42 Pa. C.S.A. § 8351.  Defendants Cross Country Bank ("CCB") and Applied Card Systems, Inc. ("ACS"), removed the action to federal court on the basis of diversity jurisdiction. Subsequent to removal, Marino filed a motion to amend his complaint to add a breach of contract claim and join an additional defendant, Rocco Abessinio ("Abessinio").  On June 25, 2007, this court held a hearing on a rule to show cause why the action should not be remanded for failure to meet the amount in controversy, and argument on why the action should not be transferred to the District of Delaware.  For the following reasons, the rule to show cause will be discharged, and the action will be transferred forthwith to the District of Delaware.

## I.  FACTS & PROCEDURAL HISTORY

   This action arises from a series of actions among the parties.  On October 1, 2000, Marino entered an employment agreement to serve as general counsel for defendants.  (Compl. ¶ 5.)  He was terminated on February 14, 2001, according to Marino, for his efforts to change the predatory lending practices of CCB and ACS.  (Compl. ¶ 7.)

   On July 11, 2001, CCB, ACS, and Abessinio initiated against Marino an

arbitration proceeding arising out of the employment agreement among the parties; Marino filed

a counterclaim.  (Mot. to Amend Compl., Ex. C at 2.)  On January 25, 2002, Marino filed an

action in the United States District Court for the District of Delaware; he asserted claims arising

out of the employment relationship against CCB, ACS, and Abessinio.  (Mot. to Amend Compl.,

Ex. C at 2.)  The two actions were consolidated into the federal litigation in the District of

Delaware, and Marino subsequently filed an amended complaint asserting claims for breach of

contract, breach of the implied covenant of good faith and fair dealing, fraud, defamation,

injurious falsehood, interference with prospective business relations, and conspiracy.  (Mot. to

Amend Compl., Ex. C at 2.)  CCB, ACS, and Abessinio asserted counterclaims for breach of

contract, breach of fiduciary duty, and an intentional tort arising out of the employment

relationship.  (Mot. to Amend Compl., Ex. C at 2.)  By order dated February 14, 2003, the United

States District Court for the District of Delaware dismissed some of Marino's claims with

prejudice.  (Mot. to Amend Compl., Ex. C at 3.)

       The parties settled the remaining claims arising out of their employment

relationship on May 21, 2003.  (Mot. to Amend Compl., Ex. C.)  The settlement agreement

("2003 Settlement") reads, in pertinent part:

> "<u>Recital I</u>
>        This Agreement is a *bona fide* good faith settlement of Plaintiff's claims
> against Defendants and Defendants' claims against Plaintiff arising out of, or in
> any way related to, Plaintiff's Employment Agreement and/or employment
> relationship with Defendants . . .

> "<u>Recital K</u>
>        This release is intended to be a General Release.
>        **NOW, THEREFORE,** for good and valuable consideration, the receipt
> and sufficiency of which is hereby acknowledged, the parties, intending to be
> legally bound, agree as follows: . . .

2

"2.    VOLUNTARY DISMISSAL

"The parties hereby stipulate to the voluntary dismissal of all claims in the Federal Litigation, except for the Plaintiff's claim for defamation . . . Specifically, Plaintiff shall voluntarily dismiss all claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, injurious falsehood, interference with prospective business relations and conspiracy against all Defendants in the Federal Litigation, with prejudice.

"Plaintiff hereby releases, acquits and forever discharges Defendants from any and all past, present or future claims, damages, causes of action, liens, demands, debts, liabilities, controversies or expenses, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever which Plaintiff has or claims to have, or in any manner growing out of Plaintiff's claims as alleged in the Amended Complaint or any allegations related thereto, from the beginning of time to the date of this Agreement, including, but not limited to, any claims for attorneys fees, claims for benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and any claims whatsoever arising out of Plaintiff's Employment Agreement and/or employment relationship with the Defendants.

"Plaintiff covenants and agrees not to sue or otherwise bring any suit or claim in any court or other forum against Defendants, or any of them, arising out of or relating to any of the claims voluntarily dismissed hereunder.  Plaintiff further agrees that Plaintiff shall be liable to Defendants for damages, including attorneys' fees and expenses (whether or not allowed by law), as a result of any violation by Plaintiff of the covenant not to sue contained in this paragraph."

Marino similarly released CCB, ACS, and Abessinio from any liability for his defamation claim;

the agreement also included a non-disparagement clause.  The 2003 Settlement further provides:

"14.    EXCLUSIVE JURISDICTION

The parties hereto irrevocably consent to the exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to, this Agreement, and said court shall reserve jurisdiction to enforce the provisions of this agreement." (Mot. to Amend, Ex. C at 3-10.)

On September 4, 2003, Marino submitted an affidavit, purportedly in response to a New York Attorney General subpoena issued in connection with a criminal investigation into the lending practices of CCB and ACS.  (Compl. ¶ 8.)

3

On January 5, 2004, Marino brought a wrongful termination action against CCB and ACS in the United States District Court for the District of Delaware. (Compl. ¶ 9.) The parties settled the wrongful termination claim, and Marino alleges that as a result of the settlement ("2004 Settlement"), he was released from all obligations under his employment contract with CCB and ACS. (Compl. ¶ 10.)

On April 26, 2004, CCB and ACS filed suit against Marino in the Court of Common Pleas of Chester County, Pennsylvania, for breach of contract, breach of fiduciary duty and injunctive relief. (Compl. ¶ 12.) These claims were based on Marino's alleged violation of the confidentiality clause of his employment agreement with CCB and ACS, and Marino's alleged breach of the duty of confidentiality. (Mot. to Amend, Ex. B.) On August 24, 2005, the Court of Common Pleas dismissed all claims against Marino. (Mot. to Amend, Ex. B.) Marino avers the court found: Marino was not liable for breach of contract because, pursuant to the settlement agreement between the parties,[1] Marino had been released from his obligations under the employment contract with CCB and ACS; Marino did not breach his fiduciary duty in submitting an affidavit to the New York Attorney General; and CCB and ACS were not entitled to an injunction against Marino. (Compl. ¶ 14.)

Marino filed the instant wrongful use of proceedings action against CCB and ACS in the Delaware County Court of Common Pleas in Pennsylvania. He alleged that CCB and ACS procured, initiated, and continued the April 26, 2004, suit against Marino without probable cause,

---

[1] It is unclear from the record whether the Court of Common Pleas judge was referring to the 2003 Settlement or the 2004 Settlement; however, according to Marino, it was the 2004 Settlement that released him from all obligations of his employment contract with CCB and ACS (Compl. ¶ 10).

when they knew Marino had been released from his duties under the employment contract, and

Marino was complying with a subpoena of the New York Attorney General when he submitted

an affidavit regarding the practices of CCB and ACS.  (Compl. 17.)  CCB and ACS removed the

action to federal court.  On June 1, 2007, Marino filed a motion to amend his complaint to add a

claim for breach of the non-disparagement clause in the 2003 Settlement, and to join Abessinio

as a defendant.  On June 25, 2007, this court held a hearing on a rule to show cause why the case

should not be remanded for failure to meet the amount in controversy, and heard the parties on

whether the case should be transferred to the United States District Court for the District of

Delaware under Paragraph 14 of the 2003 Settlement.

## II.     DISCUSSION

### A.     Jurisdiction

Under 28 U.S.C. § 1332(a), the court has jurisdiction over all actions where the

amount in controversy exceeds $75,000, and is between citizens of different states.  A

corporation is deemed a citizen of any state where it has been incorporated and of the state where

it has its principal place of business.  28 U.S.C. § 1332(c).  At the hearing on June 25, 2007,

Marino's counsel averred that Marino had a North Carolina driver's license and a home in

Pennsylvania.  Defense counsel averred that both CCB and ACS are Delaware corporations with

principal places of business in Delaware.  Diversity of citizenship exists between Marino, CCB

and ACS.

With respect to the amount in controversy requirement, "[i]n removal cases,

determining the amount in controversy begins with a reading of the complaint filed in state

court."  Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398 (2004).  The complaint

5

alleges wrongful use of civil proceedings under the Dragonetti Act, 42 Pa. C.S.A. § 8351.

Section 8353 of the Dragonetti Act describes the various categories of allowable damages for

wrongful use of civil proceedings.  See Hart v. O'Malley, 544 Pa. 315, 321 (1996).  It provides

that when the essential elements of wrongful use of civil proceedings have been established, the

plaintiff is entitled to recover the expense, including any reasonable attorney fees, that he has

reasonably incurred in defending himself against the proceedings.  42 Pa. C.S.A. § 8353(3).  At

the hearing on June 25, 2007, Marino's counsel averred that he billed his client in excess of

$80,000 as a result of the allegedly wrongful civil proceedings; this statement was corroborated

by defense counsel's correspondence of June 28, 2007, after he conducted limited discovery into

the amount in controversy.  The court finds that the amount in controversy requirement is met,

and the rule to show cause will be discharged.

      **B.**      **Transfer**

      28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  In addition to the enumerated factors in § 1404(a) –

convenience of parties, convenience of witnesses, and interest of justice – courts have considered

additional private and public interests when contemplating transfer.  Jumara v. State Farm Ins.

Co., 55 F.3d 873, 879 (3d Cir. 1995).  The private interests include: plaintiff's forum preference

as manifested in the original choice; defendant's preference; whether the claim arose elsewhere;

the convenience of the parties as indicated by their relative physical and financial condition;

convenience of the witnesses, to the extent the witnesses may actually be unavailable for trial in

one of the fora; and the location of books and records, to the extent the files could not be

6

produced in the alternative forum. Id. The public interests include: enforceability of the

judgment; practical considerations that could make the trial easy, expeditious, or inexpensive;

relative administrative difficulty in the two fora resulting from court congestion; local interest in

deciding local controversies at home; public policies of the fora; and the familiarity of the trial

judge with the applicable state law in diversity cases. Id. at 879-80.

## 1.    Forum selection clause

The parties have agreed to a forum selection clause providing "exclusive

jurisdiction of the United States District Court for the District of Delaware for any claims or

disputes between or among the parties arising out of, or relating to" the 2003 Settlement. The

court uses federal law to determine the effect of forum selection clauses because questions of

venue and forum selection clauses are procedural rather than substantive. Jumara, 55 F.3d at

877. Forum selection clauses are presumptively valid. Coastal Steel Corp. v. Tilghman

Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by* Lauro

Lines v. Chasser, 490 U.S. 495 (1989). They have been upheld absent some showing that their

enforcement would be "unreasonable, unfair, or unjust." Deolalikar v. Murlas Commodities,

Inc., 602 F. Supp. 12, 15 (E.D. Pa. 1984).

Within the framework of § 1404(a), a forum selection clause is treated as an

expression of the parties' preferences. Jumara, 55 F.3d at 880. "[W]hile courts normally defer to

a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already

freely contractually chosen an appropriate venue." Id. Though the forum selection clause is not

dispositive, it receives substantial consideration. Id.; see also Stewart Org., Inc. v. Ricoh Corp.,

487 U.S. 22, 29 (1988) (presence of a forum-selection clause figures centrally in the district

court's calculus whether to transfer case under § 1404(a)).

        At the hearing on June 25, 2007, Marino argued that the forum selection clause does not govern his claim for wrongful use of civil proceedings, because his claim is based upon the 2004 Settlement releasing him from his employment obligations, and not upon the 2003 Settlement. However, Marino requested that the case be transferred to the District of Delaware because his proposed amended complaint, alleging breach of the non-disparagement clause of the 2003 Settlement, does arise out of the 2003 Settlement. The question is whether the forum selection clause in the 2003 Settlement, granting "exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to" the agreement (Mot. to Amend, Ex. C at 10.), governs Marino's claim for wrongful use of civil proceedings.

        The scope of a forum selection clause is a question of contract interpretation. John Wyeth & Brother Ltd. v. Cigna Int'l Corp., 119 F.3d 1070, 1073 (3d Cir. 1997). Under general contract law principles, "we first look to the text of the contract to determine whether it unambiguously states the parties' intentions." Id. at 1074. "To be 'unambiguous,' a contract clause must be reasonably capable of only one construction." Id. The forum selection clause here governs claims or disputes "relating to" the 2003 Settlement. A claim or dispute "relat[es] to" the 2003 Settlement if the claim or dispute has "some connection or relation" to the 2003 Settlement. Webster's New World Dictionary: Third College Edition, 1132 (Victoria Neufeldt & David B. Guralnik eds., 3d ed. 1988); see also John Wyeth & Brother Ltd., 119 F.3d at 1074 (to say the origin of a dispute is "related" to an agreement is to say that the origin of the dispute has some "logical or causal connection" to the agreement) (citing Webster's Third New International

8

Dictionary, 1916 (1971)).

   The 2003 Settlement purported to settle "[Marino's] claims against [CCB and ACS] and [CCB's and ACS's] claims against [Marino] arising out of, or in any way related to, [Marino]'s Employment Agreement and/or employment relationship with [CCB and ACS]." (Mot. to Amend, Ex. C at 3.)  Paragraph 3 of the 2003 Settlement states that CCB and ACS released Marino from all claims "growing out of" the "negotiation, operation or termination" of the employment relationship between Marino, and CCB and ACS.  (Mot. to Amend, Ex. C at 5.) The 2003 Settlement also states that it "extinguish[ed] any and all claims the Plaintiff or Defendants have, or may have, against each other arising out of, or . . . relating to the Employment Agreement and the employment relationship which existed between the parties." (Mot. to Amend, Ex. C at 5.)

   In this wrongful use of civil proceedings action, Marino claims the lawsuit filed by CCB and ACS, alleging breach of employment contract and breach of fiduciary duty as general counsel for CCB and ACS, was frivolous because the employment relationship among Marino, CCB and ACS, had already been terminated by the 2004 Settlement.  Simply put, Marino argues he should not have been subject to suit on the basis of his employment relationship with CCB and ACS, because said relationship no longer existed.  Notwithstanding that Marino alleges his wrongful use of civil proceedings claim is based upon the terms of the 2004 Settlement, this dispute also bears some connection or relation to the 2003 Settlement because the settlement released Marino from all claims "growing out of" the "negotiation, operation, or termination" of the employment relationship with CCB and ACS, and extinguished all claims the parties may have "arising out of" or "relating to" their employment relationship.

9

The sweeping language of the 2003 Settlement, along with its forum selection clause granting "exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to" the settlement, reveals the parties' intent to have any claims relating to their former employment relationship adjudicated in the District of Delaware.

Marino's wrongful use of civil proceedings claim relates to the 2003 Settlement. The forum selection clause in Paragraph 14 of the 2003 Settlement governs this action, and the court gives substantial weight to the clause as a manifestation of the parties' forum preference under § 1404(a).

### 2.     Balancing of the § 1404(a) factors

The parties agreed at the hearing on June 25, 2007, that they prefer the action transferred to the United States District Court for the District of Delaware, and this preference was expressed in their forum selection clause. The preference of the parties clearly weighs in favor of transfer. Although Marino's claim for wrongful use of civil proceedings arises directly from the allegedly frivolous lawsuit filed by CCB and ACS in Pennsylvania state court on April 26, 2004, it also relates to the series of litigation and settlements in the District of Delaware. Arguably, the April 26, 2004, action that forms the basis for Marino's claim should have been brought in the District of Delaware under the forum selection clause of the 2003 Agreement. Although this action alleges violation of the Pennsylvania Dragonetti Act, this fact is counterbalanced by the substantial weight afforded to the parties' forum preferences and the forum selection clause that governs this action. The convenience of the parties and witnesses, location of evidence, practical considerations, and relative administrative difficulty do not clearly

10

favor one forum over the other. After having considered the § 1404(a) factors, the court concludes the balance weighs in favor of transfer.

**III.    CONCLUSION**

The rule to show cause will be discharged and, under 28 U.S.C. § 1404(a), this action, including Marino's outstanding motion to amend, will be transferred forthwith to the United States District Court for the District of Delaware, where it could have been brought.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CROSS COUNTY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

## ORDER

      **AND NOW**, this 29th day of June, 2007, following a hearing dated June 25, 2007, at which counsel for all parties were heard, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

      1.     The rule to show cause why this case should not be remanded for failure to meet the amount in controversy requirement is **DISCHARGED**.

      2.     This action is **TRANSFERRED FORTHWITH** under 28 U.S.C. § 1404(a) to the United States District Court for the District of Delaware, where it could have been brought.

 

/s/ Norma L. Shapiro
    Norma L. Shapiro, S.J.