IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. MARINO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| CROSS COUNTRY BANK and | : | **NO. 07-1389** |
| | : | |
| APPLIED CARD SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this ____ day of _____, 2007, upon consideration of Plaintiff's Motion to Amend his Complaint, and the response of Defendants, Cross Country Bank and Applied Card Systems, Inc. and after argument, it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

                                                                   **BY THE COURT:**

                                                                   _____
                                                                                **, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH J. MARINO, : | |
| Plaintiff, : | |
| : | |
| vi. : | CIVIL ACTION |
| : | |
| CROSS COUNTRY BANK and : | NO. 07-1389 |
| : | |
| APPLIED CARD SYSTEMS, INC., : | |
| Defendants. : | |

**RESPONSE OF CROSS COUNTRY BANK AND APPLIED CARD SYSTEMS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants, Cross Country Bank and Applied Card Systems, Inc., file this response to Plaintiff's Motion to Amend Complaint.[1]  Plaintiff's request to amend should be denied. Defendants recognize that Rule 15(a) of the Federal Rules of Civil Procedure advises that leave to amend should be freely given when "justice so requires". However, the policy favoring liberal amendments is "not unbounded". Schofield v. Trustees of Univ. of Pennsylvania, 894 F. Supp. 194, 196 (E.D. Pa. 1995).  This Court may exercise its discretion and deny leave to amend when such an amendment would be futile, or would cause undue prejudice to the other party.  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006); Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005); Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir. 1992).

In the instant case, Plaintiff seeks to add an entirely unrelated cause of action and a new individual party when such an amendment would have the effect of unnecessarily and unfairly

---

[1] Plaintiff's motion was not accompanied by a brief as required by Eastern District Local Rule of Civil Procedure 7.1. Accordingly, Defendants submit this response without the benefit of Plaintiffs' legal argument and reserve the right to supplement should Plaintiff ultimately file a brief.

2

prejudicing Defendants in their defense of the action initially filed. This action involves a one count claim by Plaintiff against his former employer under Pennsylvania's Dragonetti Act for alleged wrongful use of civil proceedings. The amended complaint adds a second count which seeks to impose liability upon Defendants and a new individual party for allegedly making privileged and protected remarks in the context of a judicial proceeding – a cause of action utterly prohibited by Pennsylvania law. See, e.g., General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003) (judicial privilege protects litigants against claims for relevant statements made during the course of judicial proceedings); Joyner v. School Dist. of Philadelphia, 313 F. Supp. 495 (E.D. Pa. 2004) (communications relevant to any stage of a judicial proceeding are accorded absolute privilege). To permit Plaintiff to amend his complaint to assert a cause of action that could not be successful is futile and requires Defendants and this Court to expend resources wastefully.

      Accordingly Defendants, Cross Country Bank and Applied Card Systems, Inc., respectfully request that Plaintiff's motion to amend be denied.

Dated: June 19, 2007                        Respectfully submitted,

                                              **LAMB McERLANE PC**

                                              By: _____
                                                  William H. Lamb, Esquire
                                                  Guy A. Donatelli, Esquire
                                                  Validation No.: GAD2504
                                                  Attorney I.D. No. 44205
                                                  24 E. Market Street – P.O. Box 565
                                                  West Chester, PA 19381-0565
                                                  (610) 430-8000

                                              Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.

# CERTIFICATE OF SERVICE

This is to certify that in this case complete copies of all papers contained in the foregoing Answer to Plaintiff's Motion to Amend Complaint have been served upon the following persons, by the following means and on the date(s) stated:

| Name: | Means of Service: | Date of Service: |
|---|---|---|
| Kevin W. Gibson, Esquire<br>Gibson & Perkins, P.C.<br>Suite 105<br>200 East State Street<br>Media, PA 19063 | First Class Mail | June 19, 2007 |

**LAMB McERLANE PC**

By: _____
Guy A. Donatelli, Esquire
Validation No.: GAD2504
Attorney I.D. No. 44205
24 E. Market Street – P.O. Box 565
West Chester, PA 19381-0565
(610) 430-8000

Attorneys for Defendants Cross Country Bank and Applied Card Systems, Inc.